IN THE

# Supreme Court of Georgia,

## AT ATLANTA.

---

### SEPTEMBER TERM, 1883.

---

PRESENT—JAMES JACKSON, . . . . . . CHIEF JUSTICE.
, SAMUEL HALL, . . . . . . . ASSOCIATE "
M. H. BLANDFORD, . . . . . " "

---

WOODBRIDGE *vs.* WOODBRIDGE, guardian, *et al.*

70 733
o119 377
L119 378

1. When an estate is to be kept together for a longer time than twelve months, and there are no debts to pay, the widow, or widow and minor children, or minor children, as the case may be, are entitled to a continuance of the year's support. Section 2572 of the Code must be construed together with section 2571; and, so construed, it was not intended to deprive the family of a year's support in case there should not be both a widow and minor children.
2. Where an estate was to be kept together for more than a year, and the widow applied for a continuance of the year's support, that she failed to allege that there were no debts to be paid did not render the petition demurrable. The existence of debts which would prevent the granting of a continuance of the support, was matter proper for defence against the application.

December 21, 1883.

Year's Support. Before Judge ADAMS. Chatham Superior Court. March Term, 1883.

Reported in the decision.

W. D. HARDEN; GEO. A. MERCER, for plaintiff in error.

CHISHOLM & ERWIN; GARRARD & MELDRIM, for defendants.

BLANDFORD, Justice.

The plaintiff in error, as the widow of Wylly Woodbridge, applied to the ordinary for a twelve months' support for herself out of the estate of her deceased husband; she alleged that the estate had been kept together for three years; she also asked for an allowance for each year the estate had been so kept together. She showed by her petition that there were no minor children, and did not allege that there were no debts to be paid. An appeal was taken from the judgment of the ordinary to the superior court. The defendants demurred to the petition, and the court below sustained the demurrer to all of said petition, except a twelve months' support for one year, and dismissed the same as to the second and third years. The plaintiff excepts to this ruling, and now here assigns the same for error.

1. It is contended by defendant in error that, under the act of 1865 and 1866, p. 31, Code §2572, unless there be a widow and minor children, the widow, where there are no minor children, or the minor children where there is no widow, is and are not entitled to the benefits of the provisions in this statute; that is, the widow alone, when there are no minor children, or the minor children when there is no widow, is and are not entitled to be supported out of the estate of the deceased husband or father for a longer period than twelve months, and not to a year's support for each year the estate may be kept together, as provided in this section of the Code. This section must be construed with reference to other statutes and sections of the Code upon the subject of year's support for the family of a deceased person. The title of the act of 1865–6, which has been codified under section 2572, is to add an additional clause to §2531 of the Code, which is now §2571. In §2571 of the Code it is declared that, among the neces-

sary expenses of administration to be preferred above all other debts, is a provision for the support of the family, to be ascertained, etc., and it is therein provided: "Upon the death of any person * * * leaving a widow, or a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary," etc.   The 2572d section being but an amendment to §2571, which embraces the acts of 1838, Cobb's Digest, p. 296; act 1850, *Id.,* 297; acts of 1853-4, p. 34; acts of 1855-6, 148; acts of 1860, p. 33; 1862 and 1863, p. 30; acts of 1866—we are satisfied that the words "widow and minor children" used in §2572, means widow or a widow and minor child or children, as used in §2571 of the Code.   To give the section the construction contended for by counsel, would be to deny the helpless minor children of a deceased person, who had not only lost their father but their mother also, the benefits of this act of 1865 and 1866, the policy of the law being to make provision for the support of the families of deceased persons while their estates are being kept together, whether such families are composed of a widow only, or a widow and minor child or children.

2. It is also urged that, inasmuch as the plaintiff failed to allege in her petition that there were no debts to be paid by the estate of her deceased husband, the courts did right to sustain the demurrer.   We do not think so.   If there were debts to be paid, and if an allowance to the widow for her support for a longer time than twelve months should interfere with and prevent the payment of such debts, then this is a matter of defence which any creditor of the estate might make; or probably the administrator might also urge this defence; but if the estate, under the facts, should prove sufficient to pay off the debts and also provide a reasonable support for the widow during the time the same may be kept together, then the widow is entitled to such allowance.   Whether the estate has been kept together or not, or whether there has been a distri-

bution of this estate, depends upon the facts to be determined by the jury on another trial. The judgment of the court below is reversed, upon the ground that the court erred in sustaining the demurrer to plaintiff's petition.

Judgment reversed.