HILL & COMPANY v. LEWIS, trustee.

1. A widow to whom the whole estate was devised and bequeathed for life, there being no minor children, and no debts except the expenses of the last illness and funeral expenses, was not entitled to more than one year's support out of the estate as a statutory right, although she kept the estate together for a longer time, she having so done by her own choice, being both executrix and tenant for life, and the will of her husband not containing any requirement or direction as to keeping the estate together. Whatever the statute may mean by the phrase "when an estate is to be kept together," the keeping of it together by the mere choice or election of the widow herself cannot be recognized as a basis for allowing her continued support from year to year.

2. The widow having, after the lapse of five years, procured an allowance of property in bulk for her support for that whole period, with no separation or specification for any one year, the proceeding before the ordinary resulting in this allowance was void as against a creditor of the person to whom the estate was given by the will in remainder.

July 24, 1893.

Before Judge McWHORTER. Greene superior court. August term, 1892.

JOHN C. HART and PAYNE & TYE, for plaintiffs.
H. T. LEWIS and J. B. PARK, Jr., contra.

SIMMONS, Justice.

1. John J. Doherty died in 1882, leaving a will by which he gave all his property, real and personal, to his wife Charlotte, for and during her natural life, and after her death, the whole of the property to his son Charles, who was then of age. The will appointed the wife as executrix. The testator left no debts except expenses of last sickness and funeral expenses. The wife went into possession of the property and so remained until her death in 1890. After she had been in possession for about five years, she applied to the ordinary of the county to set apart to her a support for each of the five years. Commissioners were appointed, and they set apart the whole property to her, and their action was

approved by the ordinary. Shortly after this was done, she made a will by which she devised to Lewis, as trustee, all her property, with direction to pay annually to her son Charles, out of the income and profits of her estate, an amount sufficient for his comfortable support and maintenance during his life, the amount being left to the discretion of the trustee. Should the income and profits not be sufficient to supply her son with the necessaries of life and reasonable comforts, the trustee was authorized to encroach upon the *corpus* of the estate to such extent as might be necessary for the son's comfortable support. In case the son should die without children, the trustee was to pay over the money to another person. In a codicil to the will, she assigned as her reason for appointing a trustee for her son that he was "a person of such character and habits as section 2306 of the code of Georgia authorizes a trust to be created for." Hill & Co. had obtained an execution against Charles Doherty before the death of his mother, and after her death, had it levied on a house and lot. Lewis, the trustee, claimed the property under the will of Mrs. Doherty. The question is, whether the property was subject as the property of Charles under the will of his father. Under that will, as we have seen, Mrs. Doherty had only a life-estate, the remainder interest being in her son Charles. It is insisted on the part of the trustee that by virtue of the judgment of the ordinary granting her a five years' support out of the property, she became the absolute owner thereof. It is true that this court has held in several cases that where a year's support is set apart to a widow, the title vests in her absolutely, and she can dispose of it as she sees fit; but this court has never held that where the whole property is left to a widow for life, with remainder to her children, she can take possession of it and keep it together, and after the ex-

piration of five years, apply for and have set apart to
her a five years' support in bulk, and thereby acquire
the absolute title to the whole of it, thus setting aside
the will of the testator and depriving the remaindermen
of their inheritance. There being no minor children,
and no expenses except those of the funeral and last
sickness, the widow in this case, if entitled to a year's
support at all, was entitled only to one year's support.
Although she may have kept the estate together for a
longer time, she did so of her own choice, because she
was both executrix and tenant for life, and the will con-
tained no directions to her to keep the estate together.
She was entitled to the whole of it as long as she lived.
She could manage it as she pleased, and could dispose of
her life-interest if necessary. What necessity was there
for her to keep the estate together as the estate of the
testator? If there were no debts and no minor children,
and no direction in the will to keep the estate together,
the property became hers as soon as she took possession
of it as life-tenant, and was no longer the estate of her
husband. Conceding, however, that it was the estate
of the husband, and that she so treated it, we do not
think that a widow, of her mere choice, can keep an
estate together for several years and then apply to the
ordinary to set apart to her a support for those years in
bulk. Whatever section 2572 of the code may mean
by the phrase, "when an estate is to be kept together,"
it certainly does not mean this. It looks to us, under
the facts in this case, that the application was made by
the widow more for the purpose of getting the title into
herself, so that she could dispose of it absolutely, than
to obtain the year's support. To allow a widow, under
these circumstances, to take possession of the bequest
of her husband, live on the property, enjoy the income
for a number of years, and then to apply to the ordinary
and have the whole property set apart to her as a sup-

port for all the years she has lived on it, would be to allow her to set aside her husband's will of her own volition, and to deprive the remaindermen of the provision left for them by their father. We are sure the law will not authorize such a proceeding. As no amount was specified for a first year's support, the support for that year must fail together with the support for the subsequent four years.

2. Having shown that the widow, after the lapse of five years, cannot procure an allowance of property in bulk for her support for that whole period, with no separation or specification for any one year, the proceeding before the ordinary resulting in this allowance was void as against a creditor of the person to whom the estate was given by the will in remainder. The court therefore erred in not granting a new trial.

*Judgment reversed.*