SMITH, administrator, *v.* FOSTER.

The mere fact that litigation is pending between a widow and the representative of her deceased husband's estate over the return of appraisers appointed to assign dower will not authorize the granting of a second year's support.

Submitted December 17, 1903. — Decided January 13, 1904.

Year's support.    Before Judge Butt.    Talbot superior court. June 6, 1903.

*J. J. Bull*, for plaintiff in error.    *Persons & McGehee*, contra.

COBB, J. The code declares that "when an estate is to be kept together for a longer time than twelve months, and there are no debts to pay, and a widow and minor children to be supported out of said estate, they shall have a year's support for each year that such estate may be kept together." Civil Code, § 3466. It has been held that this provision is applicable in a case where there is a widow and no minor children. *Woodbridge* v. *Wood-*

*bridge,* 70 *Ga.* 733. This court has never distinctly decided what is meant by the clause "when an estate is to be kept together." In *Hill* v. *Lewis,* 91 *Ga.* 796 (2), it was said: "Whatever the statute may mean by the phrase 'when an estate is to be kept together,' the keeping of it together by the mere choice or election of the widow herself can not be recognized as a basis for allowing her continued support from year to year." As under the law no estate is required to be divided within less than twelve months from the date of the qualification of the legal representative, and a testator may by will provide that his estate shall be kept together for a longer period of time, it might with some force be asserted that it was the intention of the General Assembly, in enacting the law under consideration, to provide an additional year's support only in those cases where a will required an estate to be kept together for a longer time than twelve months. But in the case of *Woodbridge* v. *Woodbridge,* supra, an additional year's support was allowed in a case where there was no will and the estate had been kept together for three years by the mere failure of the administrator to wind up the same. In the present case the estate has been kept together in the hands of the administrator for more than twelve months, as the result of a controversy growing out of the widow's application for dower. The widow applied for dower, and appraisers were appointed to admeasure it. They failed to make their return to the term of court next succeeding their appointment, and it is claimed that this failure was the fault of the widow, as it was her duty to see that the appraisers made their return in the earliest time required by law. As a result of this failure to make the return at the next succeeding term of the court the administrator was required to keep the estate together in his hands. After the return was made to the second term of the court after the appointment of the appraisers, the administrator filed a traverse to the return of the commissioners, making various objections as to the manner of the admeasurement and as to the quantity of land set apart. The sole reason for keeping the estate together is this pending litigation over the widow's application for dower.

Without attempting now to determine definitely what is meant by the clause "when an estate is to be kept together," we hold in this case that the mere fact that there is litigation pending over

the widow's right to dower will not alone authorize the granting of a second year's support. There is no question raised as to the widow's right to dower, and therefore it will be eventually set apart. When dower is set apart in land, the widow is entitled to an accounting for the rents, issues, and profits of the dower land from the date of her husband's death to the date that she enters upon the dower estate. *Austell* v. *Swann*, 74 *Ga.* 278; *Johnson* v. *Moon*, 82 *Ga.* 249; *Johnson* v. *Gordon*, 102 *Ga.* 354. In ordinary cases the widow is entitled to a year's support and also to her dower; and, if she takes dower, to no further interest in the real estate. No matter how long the estate may be kept together, if at the time of the winding up of the estate she has elected to take her dower, has had her first year's support, has had her dower assigned to her, and has received the rents, issues, and profits of the land from the date of her husband's death to the date she entered as dowress, she has all that the law ordinarily authorizes. Mere litigation over her right to dower does not give her the right to ask a year's support in addition to that set apart for the first year. It was claimed in the present case that the estate was kept together as a result of the widow's fault in not speeding her application for dower, but we have determined the case without reference to this point. We do not think she would be entitled to a second year's support even if she was without fault with reference to this matter. The *Woodbridge* case should not be extended.

*Judgment reversed. All the Justices concur.*