## EDENFIELD, executor, *v.* EDENFIELD.

Where the will of a testator was propounded for probate by his executor, and a caveat thereto was interposed by certain of the heirs at law of the deceased, not including the widow, and a year's support was set apart to her; and where, by reason of an appeal of the case by the caveators to the superior court, it was necessary for the estate to be kept together for longer than twelve months, under the Civil Code, §3466, the widow was entitled to have a second year's support assigned to her, she not having caused or been in any way responsible for the delay in distributing the estate, although there was no provision in the will directing the estate to be held together for more than twelve months.

Argued May 20,—Decided November 19, 1908.

Year's support. Before Judge Rawlings. Emanuel superior court. October term, 1907.

Mrs. Theressa Edenfield filed her application for a year's support, as the widow of John Edenfield Sr., deceased, alleging that there were no minor children. A caveat was filed by the executor

of the decedent, on the following grounds: (1) That the applicant had been fully provided for, and had a sufficiency of property to cover this application. (2) That the original year's support set aside was sufficient for the support of the widow for succeeding years, especially for the second. (3) That the applicant was not entitled to have the support, for the reason that the estate was not an estate to be kept together; that only by special provision of the Code of 1895 (§ 3466) can a second year's support be set apart, and that this application does not fall within the provisions of that section. The case was appealed from the court of ordinary to the superior court, by consent. It was there submitted to the presiding judge upon the following agreed statement of facts: "John Edenfield Sr., of said county, died over a year ago, leaving a will, with John Edenfield Jr. named as executor. There were no words in said will stating that his estate was to be kept together for longer than twelve months, and John Edenfield Jr. filed said will for probate in solemn form. Said application was caveated on several grounds. The case was tried in the court of ordinary, and judgment rendered for the propounder. The caveators, being dissatisfied, appealed the case to the superior court, where it is now pending, and where the same has been continued, it not being tried at the first term after said appeal. The widow, Mrs. Theressa Edenfield, is in no way responsible for said continuance or said pending litigation over the probate of the will of her husband. By the terms of said will she is one of his legatees, receiving a considerable amount of both real and personal property, equal to the other legatees in said will. Mrs. Theressa Edenfield filed her application for a twelve months' support; the same was set aside in the sum of five hundred dollars, made the judgment of the court of ordinary, and was paid over to her by the executor. The pending litigation over the probate of said will has kept said estate together for more than twelve months, and Mrs. Theressa Edenfield files her application for a second twelve months' support. Caveators say that under the law she is not entitled to said twelve months' support, first, because the estate is one not to be kept together as provided by law, out of which a second twelve months' support is allowed; and second, because the property willed to Mrs. Theressa Edenfield by her husband in his last will and testament was in lieu of dower, and therefore stands in the place of dower." The judge overruled

the caveat and held that the widow was entitled to a second twelve months' support out of the estate of her deceased husband, and remanded the case to the court of ordinary in order that commissioners might be appointed for the purpose of determining the amount. The caveators excepted.

*Saffold & Larsen,* for plaintiffs in error.

*Williams & Bradley,* contra.

LUMPKIN, J. (After stating the foregoing facts.) Only one ground of the caveat was stressed before this court,—that this was not an estate "to be kept together for a longer time than twelve months," within the meaning of the law, although it was in fact kept together for a longer time, without fault on the part of the widow or any act on her part causing that result; and that therefore she was not entitled to a second year's support under the provisions of section 3466 of the Civil Code. Section 3465 provides for the setting apart of a year's support. Section 3466 declares: "When an estate is to be kept together for a longer time than twelve months, and there are no debts to pay, and a widow and minor children to be supported out of said estate, they shall have a year's support for each year that such estate may be kept together, and the appraisers aforesaid may act in the same capacity for the second and any subsequent year, or new appraisers may be appointed by the ordinary to assign such support after the first year." It was urged that the words, "When an estate is to be kept together for a longer time than twelve months," had reference only to cases where a testator by his will provided for keeping the estate together longer than a year. Doubtless this argument was derived from a remark made by Mr. Justice Cobb in the course of his opinion in *Smith* v. *Foster,* 119 *Ga.* 376 (46 S. E. 425), where he said that "It might with some force be asserted" that such was the legislative intent. This was not a decision of the point, but only a passing remark, which was immediately followed by a reference to the case of *Woodbridge* v. *Woodbridge,* 70 *Ga.* 733, and a statement that in that case an additional year's support was allowed where there was no will and the estate had been kept together for three years by a mere failure of the administrator to wind it up. It was said (p. 378) that "The *Woodbridge* case should not be extended." The decision in that case, however, was concurred in by the entire bench, then consisting of three Justices,

and it has never been reviewed and overruled. It very nearly, if not completely, rules the question now involved. There a widow applied for a year's support, alleging that there were no minor children of her deceased husband, that the estate had been kept together by the administrator for longer than twelve months, and that she was entitled to a support for each year that it had been so. kept together. Appraisers were appointed, who made a return setting apart a sum of money as a year's support for the first year, and also an amount for the second and third years respectively, during which the estate had been kept together. A caveat was filed, one ground of which was, "that the allowance for the second year is excessive, illegal, and without authority of law to support it;" and another ground made a similar objection to the allowance for the third year. The ordinary passed an order in accordance with the return. The case was carried by appeal to the superior court. There the caveator demurred and moved to dismiss the application generally, and especially so much of it as sought to obtain a support for the second and subsequent years, "on the ground that said applicant does not show that there was any necessity for keeping the estate of Wiley Woodbridge together after twelve months from the grant of letters of administration." The presiding judge sustained the demurrer, except as to the first year, and struck that portion of the application which referred to an allowance for the second and third years. After verdict, the applicant moved for a new trial, which was refused, and she excepted. These facts appear from the record of file in the office of the clerk of this court. The decision (70 *Ga.* 733) does not in terms construe the meaning of the words, "to be kept together for a longer time than twelve months," but the judgment was reversed on the ground that the court erred in sustaining the demurrer to the petition as to the second and third years, thus holding that the widow was entitled to a support for those years. In *Hill & Co.* v. *Lewis*, 91 *Ga.* 796 (18 S. E. 63), it was held that a widow to whom the whole estate was devised and bequeathed for life, there being no minor children, and no debts except the expenses of the last illness and funeral expenses, was not entitled to more than one year's support out of the estate as a statutory right, although she kept the estate together for a longer time, she having so done by her own choice, being both executrix and tenant for life, and the will of her hus-

band not containing any requirement or direction as to keeping the estate together. It was said that whatever the statute may mean by the phrase, "when an estate is to be kept together," the keeping of it together by the mere choice or the election of the widow herself can not be recognized as a basis for allowing her continued support from year to year. Again, in *Smith* v. *Foster,* 119 *Ga.* 376 (46 S. E. 425), it was held that the mere fact that litigation was pending between a widow and the representative of her deceased husband's estate over the report of appraisers appointed to assign dower would not authorize the granting of a second year's support to her. In both of the cases last cited the delay in closing up the estate was caused by the widow herself, in the one as mere matter of choice, and in the other by reason of litigation over her dower. A widow can not cause a delay in winding up an estate, and then take advantage of the delay so brought about by her to absorb the estate for herself as a support for years later than the first. In each of the cases referred to the continued support was asked for her alone, there being no minor children.

Here the delay has been brought about by litigation over the probate of a will, resulting from a caveat filed by heirs other than the widow. It was agreed that she was in no way responsible for the delay, and did not cause it. Construing the previous decisions of this court in harmony, we hold that where an estate has been necessarily kept together for more than twelve months on account of litigation over the probate of the will of the deceased, and the widow has not brought about this litigation or been in any manner responsible for the delay in winding up the estate, if there are no debts, she is entitled to a support for each year that it is thus kept together after the first. Civil Code, §3466. This construction is supported by a consideration of sections 3465 and 3466 of the code together. The former provides for the setting apart of a year's support, which is ranked with the expenses of administration, and preferred to all other debts. It is provided that the amount shall in no event be less than the sum of $100; and that if it shall appear upon a just appraisement that the estate does not exceed in value the sum of $500, the whole of it shall be set apart for the support and maintenance of the widow and children; and this is to be done although it may deprive other heirs or legatees of any share therein. And it has been held that the fact that there are no minor

children will not deprive the widow of a second year's support, if otherwise entitled thereto. To construe the words, "when an estate is to be kept together for a longer time than twelve months," in section 3466, as applying solely to cases where a testator by his will directs the estate to be kept together, would be to restrict the language employed in the code. That section does not declare that it is applicable solely in cases of testacy, or that the widow and children of the testator may have a second year's support, while those of an intestate shall not. Nor would the necessity for the support of a widow and minor children be any the less because the husband and father died intestate. In fact, where a will directs an estate to be kept together for a considerable length of time, it very often provides for the support of the widow and minor children of the testator during that time, while there is no such provision in case of intestacy. Again, section 3466 declares that, in such cases, the widow and minor children "shall have a year's support for each year that such estate *may be kept together.*" Construing this language with the other words contained in the section, which are above quoted, it does not appear to have been the legislative intent to limit the support of the widow and minor children, if any, for the second year to cases where a will directs the estate to be kept together for longer than twelve months. Where it is rendered necessary that the estate be kept together on account of litigation instituted by other heirs over the validity of the will of the deceased, and without fault on her part, the provisions of section 3466 apply. It does not appear in this case that there were any debts of the deceased husband, or of his estate; and the only other persons whose distributive portion of the estate would be lessened would be the other heirs, some of whom caused the delay.

This case does not present any question as to the wife's right to support after the first year when there is a provision in the will of her husband in lieu of year's support and dower, or where the wife is not a legatee under the will at all, and the litigation as to it is entirely between others; and we decide nothing as to such possible cases. In determining the amount to be set aside for a second or third year's support, in such a case as the present one, the amount of the first year's support, whether it had been consumed, or whether the widow still has a portion of it to be used in maintaining herself, the size of the estate, and other surrounding facts, would be

proper for the consideration of the appraisers in determining the amount to be set apart.

*Judgment affirmed. All the Justices concur.*