KENNEDY, administrator, *et al. v.* PAULK, guardian, *et al.*

Exception was taken to a judgment rendered upon an agreed statement of facts without the intervention of a jury, setting apart a second "year's support" for minors. There was no complaint as to the amount set apart. The only contention was that under the pleadings and evidence no allowance should have been made. The only reasons relied on to defeat the right were: (*a*) That one year's support had already been set aside to the widow and minor children, and there was no reason why the estate was required to be kept together for a longer period than one year. (*b*) During the life of the widow she had been assigned out of the estate a dower, upon which she and the minor children lived during the entire time for which the application for year's support was made in this case. It did not appear that the continuance of the administration of the estate for a longer time than one year was in any manner attributable to the minors. *Held,* that the reasons stated were not sufficient to cause a reversal of the judgment.

Argued May 5,—Decided October ·13, 1909.

Year's support. Before Judge Whipple. Irwin superior court. November 4, 1908.

J. L. Paulk, as guardian of minor children of E. L. Hancock, deceased, filed an application to the court of ordinary for the setting apart of a year's support for his wards from the estate of their deceased father. Appraisers were regularly appointed, who, on December 16, 1907, filed their return showing that they had "assessed and set apart for the support and maintenance of such children the sum of $1,500.00," which the said guardian elected to take "in money." After the return of the appraisers citation was issued, and in response thereto certain heirs of the deceased filed objections as follows:

(1) "Because said wards are not entitled, as a matter of law, to the year's support." (2) "Because there has heretofore been granted upon the application of Mrs. E. L. Hancock $2,000.00 for herself and said wards, as will appear from the records in file in this court." (3) "Because there is now ready for distribution in the hands of L. Kennedy, the administrator, fifteen hundred dollars, and of this amount each of said wards are entitled to a one-eleventh part, which will be more than enough to provide for all expenses and maintenance of said wards." (4) "Because this is an application to have set apart a second year's support to said minors from said estate; and caveators show that the estate of said E. L. Hancock was not intended to be kept to-

gether, but on the contrary it was the duty and intention of the administrator to wind up said estate as soon as possible after his qualification. That said estate has been to a great extent already administered, and a large part thereof has been distributed by the administrator. That the minor heirs who are applying for a second year's support have received more than three thousand dollars as a part of their distributive shares, and that said fund is now in the hands of J. L. Paulk, the applicant in this case."

Upon a hearing by the ordinary the application was dismissed. The guardian appealed to the superior court; and under agreement of counsel the case was heard by the judge, without the intervention of a jury, upon the following agreed facts: "E. L. Hancock died April 30th, 1905, and Judge L. Kennedy was duly appointed as administrator of his estate on June 5th, 1905. The estate was appraised at $19,422.55, but was worth from $25,000.00 to $30,000.00. Deceased left as heirs the widow and ten children, six of whom were minors. On June 21st, 1905, a year's support was granted to Mrs. E. L. Hancock and the six minor children, amounting to $2,237.00. The widow was allowed a dower. One of these minors became of age prior to November 4th, 1907. Mrs. E. L. Hancock died September 19th, 1907. Administrator filed first report in July, 1906, showing collections $3,309.01, and disbursements $2,817.34, none of which was paid to heirs, $1,819.69 of the amount being paid to widow on year's support. July first, 1907, administrator filed his second annual return, showing amount collected, $1,762.28, amount disbursed $1,302.31, $171.00 of which was paid to Mrs. Emma Barber, minor heir, who became of age prior to November 4th, 1907, and $180.31 of which was paid to the widow on year's support. J. L. Paulk was duly appointed and qualified as guardian of Frank, Lillian, Minnie, Callie, and Millie Hancock, minor children of the deceased parents, after the death of the widow. On November 4th, 1907, J. L. Paulk, guardian of said minor children, filed application for second year's support, from April 20th, 1906, for them; and appraisers, being duly appointed, made their return setting aside the sum of $1,500.00, said return being filed December 16th, 1907. Said application being duly served on the administrator. A caveat was duly filed on behalf of all the heirs of the deceased who had become of age, and was tried in court of ordi-

nary on August 4th, 1908, when a judgment was entered by the honorable ordinary, denying said year's support and dismissing the application. An appeal was duly entered to the superior court of said county by the plaintiff, J. L. Paulk, guardian. The third annual return of the administrator was filed July 1st, 1908, showing amount collected $11,760.52, part of which was paid out to the heirs, $3,264.53 being paid to petitioner as guardian on March 6th, 1908, and $1,235.47 on June 3rd, 1908. Said return also shows balance of property in hand, consisting of notes and 440 acres of land in Irwin county and 163 acres in Turner county. There is a suit pending in the United States [court] against the estate, involving the title to the 440 acres of land, and has been since the appointment of the administrator. All the caveators and minors have received from the administrator a part of their inheritance, and the estate is solvent. From April 20th, 1906, to April 20th, 1907, the widow received the income from her dower, and also owned separate estate, and the children resided with and were supported by her. The widow invested part of the first year's support in a home in Ocilla, and upon her death is being administered for the benefit of all the heirs of her estate. The deceased died intestate, and there was no requirement that his estate be kept together longer than one year."

Judgment was rendered in favor of the guardian for the amount which had been set apart by the appraisers, with interest thereon from the time the same was so set apart. There was no motion for a new trial, but the case was brought to this court by direct bill of exceptions, wherein the only assignment of error was as follows: "To the action of the court in reversing the court of ordinary, and in allowing said second year's support, plaintiffs excepted, and now except, and assign the same as error upon the ground that the same was contrary to law."

*McDonald & Quincey,* for plaintiffs in error.

*J. T. Hill* and *J. J. Walker,* contra.

ATKINSON, J. Under the pleadings and evidence no complaint was made as to the amount set apart for the minors. The sole contention of the caveators was that no amount at all should have been allowed, certain facts being alleged to support such contention. Exception was taken to the ruling of the judge in not sustaining the contention. In their brief counsel for plain-

tiff in error discuss only the question, did the judge err "in allowing a second year's support?" It was insisted in the brief that he did err in such ruling, for two reasons: 1st. "Because one year's support had already been set apart to the widow and minor children, and there was no reason why the estate was required to be kept together for a longer period than one year." 2d. Because "during the lifetime of the widow she had been assigned out of the estate a dower, upon which she and the minor children lived during the entire time for which the application for year's support was made in this case." The evidence was sufficient to show that the estate had not been fully administered, and that the delay was in no sense attributable to the wards of the applicant. Under the ruling in *Edenfield* v. *Edenfield,* 131 *Ga.* 571 (62 S. E. 980), we hold that the first reason stated why the court erred is not sufficient to show error. Nor do we think the second reason was sufficient. If the children lived with their mother on her dower estate during the time for which year's support is sought for the minors in the present case, the fact of so living with their mother would not of itself deprive the minors of all right of "year's support" from the estate. Their right to a "year's support" was personal to themselves and existed as a matter of law, and the enjoyment of the gratuity afforded by their mother, of living with her on her dower estate, was no sufficient reason to divest them.        *Judgment affirmed.    All the Justices concur.*