## MARTIN *v.* GAISSERT, executor.

Where application was filed by a widow, under sections 4041 and 4042 of the Civil Code, for a second twelve months' support for herself, and on the trial of the case it appeared that there were debts to pay by the estate of the testator by virtue of whose will the estate was being kept together, it was not error for the trial judge to direct a verdict for the executor against whom the application was filed.
APRIL 17, 1913.

Application for year's support. Before Judge J. B. Park. Morgan superior court. March 8, 1912.

Zach Martin died in 1907, leaving a will and naming J. H. Gaissert as executor, who qualified as such. The testator left his

wife, the plaintiff in error here, and their son, Steven B. Martin, as his only heirs at law and legatees under his will. After the probate of the will in solemn form, the widow made application for a year's support, and she was awarded the sum of $2,300, which was paid by the executor. The executor removed the administration of the estate from Fulton county, where the testator died and where the will was probated and the first twelve months' support was granted, to Morgan county, the place of his residence. There the widow applied for a second year's support, to which application the executor filed a demurrer and a caveat. The widow was awarded as a second year's support the sum of $1,000. Both parties appealed from this award to the superior court, by consent. On the trial of the case the plaintiff introduced in evidence certified copies of the will and of the inventory and appraisement, the latter showing the estate to have been appraised at about $27,000. The testimony for the widow tended to show that she had been paid the sum of $2,300 as the first year's support, and that it required the whole of this amount to meet her necessary expenses for that year. The second year her health had improved somewhat, and it required $1,200 for her support for the second year, and that was the year the second application was made. On cross-examination, she testified that she had brought suit in Morgan superior court against the executor to recover $2,058.37 which the testator had collected for her in 1906 and deposited in bank in his own name and never paid to her, and that suit is still pending in court. Also her suit against J. H. Gaissert, executor, and Steven B. Martin, for cancellation of a deed to certain realty in Atlanta, and for the rents thereof, was filed in Morgan superior court on March 28, 1910, which is still pending.

The material portions of the will are as follows: "Item Second. I give and bequeath to my wife, Mollie O. Martin, three thousand ($3,000.00) dollars insurance in the O. R. C., having already given her six thousand ($6,000.00) dollars; also my personal property, except one diamond ring once the property of my deceased daughter. Item Third. I will and direct that all the net income of my real estate, including notes and moneys, be equally divided between my wife, Mollie O. Martin, and my son, Steven B. Martin, my wife to receive her part of the income as fast as collected during her natural life. Item Fourth. I direct that the part

my son is to receive be held in trust by my executor, unless my son become helpless and in want of the necessities of life; then my executor shall use his own discretion as to his condition, and no other person to be cared for or receive any benefit through or on account of my son Steven B. Martin. Item Fifth. I will and direct that my executor hold my estate together during my beloved wife's, Mollie O. Martin, natural life. In case of her death before ten years from date of this will, I desire that my estate be held in trust till February 11th, 1916, then it shall be vested in and become the property in fee simple to my son Steven B. Martin." The defendant testified that he paid all of the debts of the estate of Zach Martin before the end of the year 1908, and that he was holding the estate of the testator as directed in Item 5 of his will. At the close of the testimony the court directed a verdict for the defendant, on which ruling the plaintiff assigned error.

*F. C. Foster, E. W. Butler,* and *Westmoreland Brothers,* for plaintiff. *S. H. Sibley* and *George & Anderson,* for defendant.

HILL, J. The right to a second year's support allowed to a widow out of the estate of her deceased husband is a statutory right, and can be obtained only by conforming to the condition of the statute. The Civil Code, § 4041, provides for the setting apart of a year's support to a widow, or to a widow and minor child or children, or to a minor child or children only, and is ranked among the expenses of administration, to be preferred before all debts other than the exceptions made in sections 4048 to 4050, inclusive. By section 4042 a second year's support may be had by the widow, provided she comes within the terms of that statute. One of the prerequisites is, that "there are no debts to pay." It becomes material to inquire, therefore, whether there are "debts to pay" in this case. The evidence shows that the widow herself has filed suits against the estate, amounting to several thousand dollars, for money claimed to be due her by the estate. It can not be held, at least at the instance of one asserting herself to be a creditor of the estate, that under these circumstances there are "no debts to pay." It certainly was not the intention of the statute to allow the widow, or widow and minor child or children, or minor child and children only, while there is pending litigation against the estate, by repeated applications year after year, to exhaust the estate and thus defeat the purpose of the

will of the testator. It will be borne in mind that this is not a case of intestacy and pending litigation, where the estate is to be kept together until the litigation ends, or for other reasons. But this is a case where the testator has provided by will for the support of his widow. By the 3d item of his will he directs "that all the net income of my real estate, including notes and moneys, be equally divided between my wife, Mollie O. Martin, and my son, Steven B. Martin, my wife to receive her part of the income as fast as collected during her natural life." The plaintiff in error has already had one year's support, amounting to $2,300. The first year's support is intended for the purpose of providing for the necessities of the decedent's family for twelve months, within which time the executor is required to collect the debts due to the estate and assent to and turn over the legacies devised by the will. The record in the present case shows that the income from the property devised in item 3 of the testator's will has been turned over to the widow. Whether this amount is sufficient for her support is not for our decision. But to hold that it is not, and that a year's support can be set aside year after year, and thus exhaust the estate, would be to set aside her husband's will, as said by Mr. Justice Simmons in the case of *Hill* v. *Lewis,* 91 *Ga.* 796 (18 S. E. 63). In that case, pp. 798-799, he said: "To allow a widow . . to have the whole property set apart to her as a support for all the years she has lived on it, would be to allow her to set aside her husband's will of her own volition, and to deprive the remaindermen of the provision left for them by their father. We are sure the law will not authorize such a proceeding." The effect of such policy would be to consume the whole estate before final distribution, which was never contemplated by the lawmakers, or by the testator.

But it is insisted that under the ruling in the case of *Woodbridge* v. *Woodbridge,* 70 *Ga.* 733, although there are debts to pay, if there is still enough left over of the estate to supply the widow's wants, she should be paid her second year's support. The argument is, that the question at last is between the widow and the creditors of the estate. This view leaves entirely out of consideration legatees and remaindermen under the will, who certainly have rights—to say nothing of the testator's intention. If no one were interested but the widow and the creditors of the estate, this position might

be tenable, and especially when the widow was both the applicant for the year's support and the creditor, as in the present case; but it leaves entirely out of consideration the testamentary scheme and those who are interested as legatees or remaindermen under the will. It is further insisted that this court held in the *Woodbridge* case, supra, that the widow need not allege in her application that there are no debts to be paid, as that would be a matter of defense. We have examined the *Woodbridge* case, including the original record, and what was there said to the effect that "if the estate, under the facts, should prove sufficient to pay off the debts and also provide a reasonable support for the widow during the time the same may be kept together, then the widow is entitled to such allowance," was obiter dictum. The statute is plain and unequivocal that the widow is entitled to the second year's support under the condition named: "and there are no debts to pay." We can not enlarge the statute beyond the limits prescribed by the legislature. It is within their province, and not ours, to extend the provisions of the statute, if they so desire. Until such time as they see fit to do so, we must construe the statute as we find it. The record shows that there are debts to pay, relatively to the applicant in this case; and therefore the court did not err in directing a verdict for the defendant.          *Judgment affirmed. All the Justices concur.*