COLYER, executrix, *v.* HUNTLEY.

No. 9868. June 14, 1934. Rehearing denied September 25, 1934.

*Henry C. Davidson,* for plaintiff in error.

*Watkins, Asbill & Watkins,* contra. *Crenshaw & Hansell, Sutherland, Tuttle & Brennan,* and *Woodruff & Ward,* for persons at interest, not parties.

Russell, C. J. Janie S. Huntley filed a petition against Aurelia Speer Colyer as executrix of the will of George A. Speer, praying that she be enjoined from selling an interest in described real estate, alleging that said interest comprises all the property of the estate of George A. Speer which has not been administered; that petitioner is a legatee under said will, entitled to a third undivided interest in the property which has not been administered; that the

defendant is threatening and is about to sell the interest of her testator in said realty for the purpose of realizing funds with which to pay her fees as executrix; and that petitioner is advised and believes "that it is illegal for the defendant to sell real estate for the purpose of raising funds to pay executor's fees, because realty is not subject to be sold for the payment of such costs of administration." The judge at interlocutory hearing overruled a general demurrer to the petition; the defendant contending that she was entitled, as a matter of law, to sell the real estate for the purpose of realizing funds to pay her fees as executrix. She excepted to the judgment overruling her demurrer.

The precise question now presented has not heretofore been ruled on in this court, nor is there any section of the Code which specifically applies. However, it is provided by section 4062 that administrators are entitled to commissions for certain services, and that such commissions are expenses of administration; and by the terms of § 3892 executors are entitled to the same commissions as administrators. By § 4000, par. 3, these necessary expenses of administration have priority over all demands against the estate of a decedent, except only (1) year's support for the family, and (2) funeral expenses, including physician's bill and the expenses of the last sickness. The proceeding on the part of Mrs. Huntley to enjoin a sale of real estate belonging to the estate of her father is based upon § 4026, as follows: "If at any time it becomes necessary, for the payment of the debts of the estate or for the purposes of distribution, to sell the land of the decedent, the administrator shall, by written petition, apply to the ordinary for leave to sell, setting forth in the petition the reason for such application; and notice of the same shall be published once a week for four weeks before the hearing, in the gazette in which the county advertisements are published. If no objection is filed, and the ordinary is satisfied of the truth of the allegations in the petition, an order shall be passed granting the leave to sell, specifying therein the lands as definitely as possible."

The executrix contends that she is entitled, as a matter of law, to sell the real estate for the purpose of realizing funds to pay her fees as executrix; and the petitioner strenuously insists that the decedent's real estate can not be sold to pay the expenses of administration. At common law such was the case, but we are of

the opinion that the old common-law rule to this effect was abrogated by the Code, § 3912, which provides that "For the payment of debts realty and personalty shall be alike liable." While it is true that the commissions of the personal representative of a decedent do not, strictly speaking or primarily, constitute a debt due by the decedent, still the commissions due the personal representative of a decedent must be construed as part of the costs, and fall under the head of necessary expenses of administration. The various references in sections 3895, 3912, 4000, 4001, 4018, 4026, and 4040, to "debts," "debts of the testator," and "debts of the estate," are not merely casual, but clearly indicate the purpose of the General Assembly to treat the costs of administration as much a debt of the decedent as any other obligation to which he may be subject. It is only another way of saying that all of the property of the decedent, whether personalty or realty, is subject to the payment of his obligations. By the act of 1816 (Cobb's Dig. 319) as amended, and now embodied in the Civil Code (1910), § 4026, a sale of realty was allowed upon application to the court of ordinary whenever such sale was necessary for the payment of the debts of the estate or for the purposes of distribution. So we are of the opinion that the immunity of real estate from sale to pay the commissions of an executor, which prevailed at common law, has been abrogated, and are of the opinion that commissions of an executor or administrator are expenses of administration, to which any property of a decedent is subject. The passage of the act of 1920 (Ga. L. 1920, pp. 245, 246; Code, Park's Supp. 1922, § 4039(a), Michie, § 4035(1)), in which it is provided that realty of a decedent may be sold for the payment of debts lawfully contracted by an executor or administrator or trustee of an estate, at least shows the opinion of the General Assembly upon the question. If the realty of a decedent can be sold to pay debts created by his personal representative after the death of the decedent, a fortiori the necessary expenses of administration, as provided in subsection 3 of the Code § 4000, should not be of lower dignity. The court erred in overruling the demurrer.

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*

Gilbert, J., dissenting. It is conceded that under the common law realty can not be sold to pay such expense of administra-

tion. Then all statutes modifying or changing the common law must be strictly construed. "Upon the death of the owner of any estate in realty, which survives him, title vests immediately in his heirs at law." Civil Code (1910), § 3929. Section 4062 provides compensation to administrators and executors, and on what such commissions are allowed, to wit: "On all sums of money received by him on account of the estate (except money loaned by him and repaid to him) . . such commissions are a part of the expenses of administration, and should be paid from the general estate, if any. If none, then to be deducted from the debt or legacy paid." That section restricts commissions to money received by the administrator on account of the estate. Section 4065 seems to conclude the issue presented in this case. It provides: "No commissions shall be paid to any administrator or executor for delivering over any property in kind; but the ordinary may allow reasonable compensation for such service, not exceeding three per cent. on the appraised value." In the present case it does not appear that any application has been made to the ordinary for allowance of reasonable compensation under this section. The effect of the section last quoted is not changed by section 4000, which merely prescribes priority of debts. It does not, except inferentially, declare what are debts of a decedent. The majority opinion draws the conclusion that since section 4000 lists as third in priority, "the necessary expenses of administration," and since the commissions of an administrator are construed as expenses of administration, the administrator is entitled to commissions to be paid out of the realty in this case, and therefore, such commissions being expenses of administration, that the same in law became a debt of decedent under section 4000. That conclusion, however, depends upon the assumption that commissions are payable out of realty. That would be assuming the very question at issue. Moreover, notwithstanding the wording of section 4000, this court has definitely, and I think without qualification or modification, held that the debts of a decedent are those created by him during life. *McFarlin* v. *Stinson*, 56 *Ga.* 396; *State Banking Co.* v. *Hinton*, 178 *Ga.* 68 (2), 78 (172 S. E. 42). In the case last cited it was held that while section 4000 provides the order in which claims against the estate of a decedent shall be paid, accurately speaking, some of them are not debts of the decedent. For instance, "year's

support" is among the necessary expenses of administration, but is a statutory liability and not a debt of the decedent. Funeral expenses constitute such a liability. Likewise, commissions of an administrator or an executor are liabilities created by statute, payable out of the estate, if the administrator or executor has any of the estate in his hands. In the present case it does not appear that there are any debts, or that it is necessary to recover the realty for distribution.

The allegations of the petition leave in doubt whether the executrix seeks to collect commissions merely for distributing the described realty, or whether she seeks to sell the realty for the purpose of paying commissions earned for administering the other portion of the estate. Paragraph 6 of the petition is as follows: "All debts of the testator, George A. Speer, and all costs of administration have been paid, except that the defendant executrix has not been paid any fees or compensation for her services for administering on and acting as executrix of the estate of George A. Speer." Certainly, according to the present record, if all costs of administration have been paid, except delivering over the realty in question, no further commission is collectible. Civil Code (1910), § 4065.

ATKINSON, J., concurs in this dissent.