25176. NATIONAL CITY BANK OF ROME, administrator, *v.* WELCH.

JENKINS, P. J. 1. Among the necessary expenses of administration, and to be preferred above all other debts except those specially provided, is the provision for a year's support to the family of a decedent, whether he dies testate or intestate, which inures for the benefit of the widow or widow and minor children, or, if no widow, the minor children. Code, § 113-1002.

2. "When an estate is to be kept together for a longer time than twelve months, and there are no debts to pay, and a widow and minor children to be supported out of said estate, they shall have a year's support for each year that such estate may be kept together." Code, § 113-1004.

3. An executor or administrator is allowed a period of twelve months in which to receive notice of debts and to wind up the estate. Pending this, he is protected from suits against the estate. Code, §§ 113-1507,

113-1526, 113-1101. The intent and purpose of the legal provisions for a year's support would seem to be to provide maintenance for the widow and minor children for one year and until the time when they shall receive from the estate their portions of the estate either as heirs at law or under the terms of the will of the decedent, or, as respects the widow, until she can obtain her right to dower, in the event she should so choose, rather than claim under the will or as heir at law. Accordingly, if for any reason other than one growing out of her own conduct the estate should be required to be kept together for a longer period than twelve months, and there are no debts to pay, the reason of the law as well as the command of the statute entitles her to such additional support during the period of such delayed administration.

4. But where, as in the instant case, the provisions of a will gave to the widow absolutely certain personal property and a life-estate in certain realty, the balance of the estate including the remainder interest in such realty to go to three named children of the testator, the income from the property given to the children being charged with a specified annuity to be paid to the widow until the youngest child should become twenty-one years of age; and where the widow took possession of the personal property and the realty given to her under the will, and, after having had an amount set apart to her as a year's support, continued through a period of years to receive from the executor the annuity provided by the will, she was not entitled to an additional year's support on the theory that under the provisions of the will the estate must be kept together until the youngest child attained majority. While it is true that such portion of the estate as was devised to the children, being charged with the payment of the annuity from its income, must be held by the executor in order to make the payments required, it can not be said that the *estate as such* is kept together, since the widow has received and is receiving therefrom all to which she is entitled under the will; and therefore the purpose of and the right to any other or additional year's support does not exist. See *Smith* v. *Foster*, 119 *Ga.* 376 (46 S. E. 425); *Hill* v. *Lewis*, 91 *Ga.* 796 (18 S. E. 63). On payment of the debts, the title to the property willed to the wife vested in her; and the title to the property willed to the children vested in them, subject only, in the latter instance, to the charge created upon it for the payment to the widow of the annuity from the income. The allowance of an additional year's support would therefore amount to setting it apart, not from property of the estate, but from property belonging to the children, which is charged only with the payment of the annuity. Under the rules of law above stated and the agreed statement of facts under which the case was tried, it was error for the judge to allow the additional year's support.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 18, 1936.

*Wright & Covington,* for plaintiff in error.
*Barry Wright, Jack Rogers,* contra.