34940. ORR *v.* ORR, Executor, *et al.*

DECIDED FEBRUARY 11, 1954.

*Austin T. Walden,* for plaintiff in error.

*J. V. Poole,* contra.

FELTON, C. J.   We construe the Supreme Court decisions on the subject to mean that a widow is not entitled to a second year's support if the estate is held together for more than one year because of the acts or conduct of the widow. *Hill & Co.* v. *Lewis,* 91 *Ga.* 796 (18 S. E. 63); *Smith* v. *Foster,* 119 *Ga.* 376 (46 S. E. 425). The fact that the widow had the legal right to contest the will, and even the fact that she had probable cause, as it were, would not change the result. As a matter of public policy a widow should not have the right to keep an estate together for longer than a year, for any reason, valid or invalid, and acquire more than one year's support. If she took legal action which would hold the estate together, and prevailed therein, the probabilities are that she would be benefited. If by so doing she could also acquire additional years' support, even if she lost in the litigation, the temptation to litigate would be very great. In addition to that, the question of probable cause would be a difficult one to determine and would in itself be a fruitful source of litigation. The fact that both sides agreed to continuances of the litigation involving the will contest would not alter the case, because the widow started the litigation

charged with notice of the vicissitudes of a lawsuit. Besides, she concurred in the continuances and did not show that without her consent there would have been no continuances.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*