## 43788. WOODALL v. FIRST NATIONAL BANK OF COLUMBUS, Executors et al.

JORDAN, Presiding Judge. The widow of Allen M. Woodall applied to the court of ordinary in Muscogee County for a second year's support, and on objection by the executor of the estate and others that debts owed by the estate were still unpaid, the ordinary dismissed the application. She appealed to the superior court, and a judge of that court sustained a motion of the executor and others for summary judgment. She appeals from this order. *Held:*

1. There is no merit in the contention of the widow that an application for a second year's support, on appeal to a superior court, is not subject to a motion for summary judgment. Without deciding whether such a motion would be cognizable in a court of ordinary as a court of record to which the Civil Practice Act applies (but see §§ 1, 81, Civil Practice Act; Ga. L. 1966, pp. 609, 610, 668; Ga. L. 1967, pp. 226, 241; Ga. L. 1968, pp. 1104, 1109; *Code Ann.* §§ 81A-101, 81A-181) the appeal in the superior court is a de novo investigation (*Code* § 6-501) and although the powers of the superior court on the merits are no broader than those of the court of ordinary (*Goodman v. Little,* 213 Ga. 178 (97 SE2d 567)), the appeal is subject to the established procedures for civil actions (see *Hall v. First Nat. Bank of Atlanta,* 85 Ga. App. 498 (3) (69 SE2d 679)) thus entitling a party to invoke the summary judgment procedure (§ 56 (c) Civil Practice Act; Ga. L. 1966,

pp. 609, 660; *Code Ann.* § 81A-156 (c)). See, in this connection, § 86 (b) of the Civil Practice Act as amended in 1968; Ga. L. 1968, pp. 1104, 1109; § 81, as amended, cited supra.

2. The caveators show without dispute that the estate has been kept together for more than a year, and that in addition to unpaid obligations secured by two pieces of real estate, the estate has outstanding obligations for executor's fees, attorney's fees for representing the estate, funds borrowed by the executor in the exercise of authority under the will, and interest thereon, to pay estate taxes, first year's support, and other purposes, ad valorem taxes due the City of Columbus, Muscogee County, Glynn County, intangible taxes, and income taxes due the State of Georgia, and income taxes due the United States.

*Code* § 113-1004 authorizes a second or subsequent year's support to the widow out of an estate held together for more than a year, if "there are no debts to pay." In *Martin v. Gaissert,* 139 Ga. 693 (78 SE 40) the Supreme Court expressly rejected the dictum in *Woodbridge v. Woodbridge,* 70 Ga. 733, 735, that even if there are debts to pay, the widow may have another year's support if there is still enough left over to supply her wants. Passing by the obligations secured by real estate, as to which limitations in the will may affect payment from the funds of the estate generally, we are of the opinion that the remaining obligations are "debts to pay" which bar the grant of a second's year support to the widow out of the estate. "The various references . . . [now *Code* §§ 113-801, 113-821, 113-1001, 113-1508, 113-1509, 113-1603, 113-1706] to 'debts,' 'debts of the testator,' and 'debts of the estate,' are not merely casual, but clearly indicate the purpose of the General Assembly to treat the costs of the administration as much a debt of the decedent as any other obligation to which he may be subject. It is only another way of saying that all of the property of the decedent, whether personalty or realty, is subject to the payment of his obligations." *Colyer v. Huntley,* 179 Ga. 332, 335 (175 SE 901, 95 ALR 1140). "A debt in its general sense is a specific sum of money due or owing from one person to another, and denotes not only the obligation of one person to pay, but the right of the other party to receive and enforce payment by judicial action; it is that which one is bound to pay to or perform for another; that which one is obliged to do or suffer." *Georgia Power Co. v. Davis,* 43 Ga.

App. 791, 794 (160 SE 690). All taxes due the State or the United States are debts. See *Code* §§ 113-1508 (4), 92-3311, *Code Ann.* § 92-8443. Even though no statute has come to our attention expressly declaring that taxes due a county or municipality are personal debts, such obligations clearly come within the generally accepted meaning of debts, the collection of which is enforceable by appropriate judicial action. See *Code Ann.* § 92-8444.

*Judgment affirmed. Pannell and Deen, JJ., concur.*
ARGUED JULY 3, 1968—DECIDED SEPTEMBER 18, 1968—
REHEARING DENIED OCTOBER 3, 1968—

Bloch, Hall, Hawkins & Owens, Charles J. Bloch, Wilbur D. Owens, Jr., Foley, Chappell, Hollis & Schloth, William H. Young, III, for appellant.

Kelly, Champion & Henson, John W. Denney, J. Norman Pease, Ray L. Allison, Forrest L. Champion, for appellees.

ON MOTION FOR REHEARING.

Appellant contends on motion for rehearing that "this court should insist in fairness and justice to this widow" under the facts of this case, implying that the legislative intent was that a widow would be entitled to a second year's support if the estate is sufficient to pay off the debts and also provide a reasonable support for such widow (as is the situation here).

This view was expressed in the *Woodbridge* case, 70 Ga. 733, supra, decided in 1883, and this writer concurs in this seemingly more sensible conclusion. However, as pointed out in the opinion, the Supreme Court in *Martin v. Gaissert*, 139 Ga. 693, supra, decided in 1913, rejected this view and strictly construed the statute, concluding, "The statute is plain and unequivocal that the widow is entitled to the second year's support under the condition named: 'and there are no debts to pay.' We cannot enlarge the statute beyond the limits prescribed by the legislature. It is within their province, and not ours, to extend the provisions of the statute, if they so desire. Until such time as they see fit to do so, we must construe the statute as we find it."

The legislature, aware of the above decision, has not seen fit to enlarge or amplify the statute to the extent insisted upon by the appellant.

*Motion denied.*