## 64970. SNIDER v. LAVENDER et al.

BIRDSONG, Judge.

Pursuant to the petition of appellees, appellee Lavender was appointed guardian of appellant by the probate court pursuant to Code Ann. § 49-601 et seq. Appellant then appealed to the superior court for a trial de novo on the guardianship petition pursuant to Code Ann. § 49-611. After hearing, the superior court entered an

order appointing appellee Lavender as guardian of appellant. The only enumeration of error relates to the alleged failure of the superior court to have the hearing recorded.

Appellant argues that Code Ann. § 49-606 (e) (2) mandates that the superior court record the hearing on a de novo appeal from a probate court decision on a guardianship petition. However, the cited code section governs only the proceedings in the probate court. Code Ann. § 6-805 (c) provides that the superior court in its discretion may require that any civil case be reported, but does not mandate reporting of each case. The appeal from a probate court decision is "subject to the established procedures for civil actions." *Woodall v. First Nat. Bank,* 118 Ga. App. 440 (164 SE2d 361). Thus, the superior court may, but is not required to, have reported a case appealed from the probate court. *Gunter v. Nat. City Bank,* 239 Ga. 496 (238 SE2d 48). Appellant does not contend that he attempted to have the case reported and was refused his right to do so. See Code Ann. § 6-805 (j); *Savage v. Savage,* 234 Ga. 853, 855 (218 SE2d 568). Consequently, there is no merit to appellant's enumeration of error.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED DECEMBER 2, 1982.

*James M. Watts, Milton F. Gardner, Jr.,* for appellant.
*Roger W. Dunaway, Jr.,* for appellees.