73291. KITTLES v. KITTLES et al.
(352 SE2d 649)

SOGNIER, Judge.

Georgia Kittles petitioned the Probate Court of McIntosh County seeking third year's support pursuant to OCGA § 53-5-4. By consent order the matter was appealed to the superior court which ruled against Georgia Kittles' petition as a matter of law during a pre-trial hearing. She appeals.

The superior court found that there are and were at the time appellant's petition was filed substantial debts of the estate. Further, the superior court found that at all relevant times the assets of the estate greatly exceeded the debts of the estate. The superior court heard appellant's contentions that the executors of the estate (appellees) were wrongfully failing to pay the estate's debts for the purpose of defeating appellant's claim to year's support. The superior court acknowledged that appellant had not been given the opportunity to file a counter-affidavit in order to contest assertions made in an affidavit filed by one appellee. However, the superior court held that even assuming appellant's contentions were true and appellees were intentionally failing to pay the debts of the estate to thwart appellant's claim, nevertheless, appellant was not entitled to a third year's support as a matter of law.

Appellant contends the superior court erred as a matter of law when it held she had no claim pursuant to OCGA § 53-5-4. We agree and reverse. The superior court's holding was based on its construc-

tion of OCGA § 53-5-4 which provides in pertinent part: "When an estate is to be kept together for more than 12 months and there are no debts to pay, the surviving spouse and minor children to be supported out of the estate shall have a year's support for each year that the estate may be kept together." The superior court determined that under this statute, the existence of debts against the estate precluded any claim for year's support regardless whether those debts were being maintained intentionally by the executors in order to thwart claims under the statute. In support of this construction, appellees refer this court to a line of cases holding that when there are "debts to pay," the widow/surviving spouse is barred from obtaining a subsequent year's support notwithstanding the fact that the estate was sufficient to pay off the debts and still provide a reasonable support for the widow. *Woodall v. First Nat. Bank*, 118 Ga. App. 440, 441 (2) (164 SE2d 361) (1968); *Baker v. C & S Nat. Bank*, 147 Ga. App. 188 (1) (248 SE2d 224) (1978). We find these cases distinguishable by the fact that no allegations of wrongful acts or bad faith dealings were made against the executors of the estates involved in those cases.

Appellees argue, however, that the statute does not recognize a bad faith/wrongful act exception, citing *Martin v. Gaissert*, 139 Ga. 693 (78 SE 40) (1913) (construing Code Ann. § 113-1004, the predecessor to OCGA § 53-5-4), in which it was stated that "[w]e can not enlarge the statute beyond the limits prescribed by the legislature. It is within their province, and not ours, to extend the provisions of the statute, if they so desire. Until such time as they see fit to do so, we must construe the statute as we find it." Id. at 697. However, a bad faith/wrongful act exception to this statute has long been recognized by the appellate courts of this state. See *Hill & Co. v. Lewis*, 91 Ga. 796 (1) (18 SE 63) (1893); *Smith v. Foster*, 119 Ga. 376 (46 SE 425) (1903); *Edenfield v. Edenfield*, 131 Ga. 571, 575 (62 SE 980) (1908). These cases hold that where the estate is kept over past a year as the result of any conduct or connivance by the widow (surviving spouse), the widow cannot recover under the statute. The idea is that "[a] widow can not cause a delay in winding up an estate, and then take advantage of the delay so brought about by her to absorb the estate for herself as a support for years later than the first." *Edenfield*, supra at 575. The rationale for this exception was simply expressed in *Hill & Co.*, supra: "We are sure the law will not authorize such a proceeding." Id. at 799.

We are equally sure here that the law will not allow executors to avoid the statutory provision of OCGA § 53-5-4 by deliberately and intentionally failing to satisfy debts against the estate for the sole purpose of preventing a surviving spouse from exercising a claim under this statute. Thus, the superior court erred as a matter of law in its construction of OCGA § 53-5-4. Since appellant was not given

the opportunity to refute assertions in the affidavit filed by appellees, we cannot say the superior court's decision was correct under the facts of this case. Accordingly, the judgment is reversed.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 6, 1987.

*Robert P. Killian*, for appellant.
*Daniel H. White*, for appellees.