## A95A1852. ADAMSON v. ADAMSON.
### (470 SE2d 289)

RUFFIN, Judge.

Ida Adamson sued Earnest Lamar Adamson III, the executor of the estate of Mrs. Adamson's deceased husband.[1] The complaint, filed in the State Court of Clayton County, alleged that prior to Earnest Adamson's appointment and qualification as executor, Mrs. Adamson advanced her own money to the estate to pay various bills that were due, including medical and funeral expenses, and taxes. In her complaint, Mrs. Adamson sought reimbursement from the estate for the advanced funds. The trial court dismissed the complaint, and Mrs. Adamson appealed. For reasons which follow, we reverse.

The record shows that on March 16, 1993, Earnest Adamson was appointed executor of the estate by the Henry County Probate Court. On March 29, 1994, Mrs. Adamson filed a notice of her claim in the Henry County Probate Court, seeking reimbursement for the same items that are the subject of the instant case. Mrs. Adamson filed the

---

[1] This is the second time the parties have come before this Court on matters relating to the Estate of Earnest Lamar Adamson, Jr. See *In re Estate of Adamson*, 215 Ga. App. 613 (451 SE2d 501) (1994).

instant action on May 4, 1994. The executor answered the complaint, denying that the estate was liable for the expenses claimed in the complaint. The executor also filed a counterclaim alleging that Mrs. Adamson wrongfully took possession of two certificates of deposit that belonged jointly to her and the estate.

Mrs. Adamson moved to dismiss the counterclaim on the ground that it was a compulsory counterclaim which should have been filed in a separate case between the parties already pending in the Superior Court of Clayton County. She subsequently moved for summary judgment, asserting that the undisputed facts showed the estate was unjustly enriched with the money she advanced to pay the bills, which she characterized as money had and received. Mrs. Adamson also argued in the motion that because the undisputed facts showed that she properly held title to both certificates of deposit, she was entitled to summary judgment on the executor's counterclaim.

The executor responded to the motion, asserting that because Mrs. Adamson filed a notice of her claim in the Henry County Probate Court, and that claim was still pending, she was precluded from filing her complaint in this case. The executor also argued that material issues of fact remained as to the ownership of the certificates of deposit.

The trial court found that "[e]ach of these claims are rife with issues that either are now or should be pending in other Courts. . . ." The court characterized Mrs. Adamson's motion for summary judgment on the counterclaim as a request for the court to "declare that title to [the] two certificates of deposit became her exclusive property upon the death of her husband." The court ruled that it was "without jurisdiction to render a Declaratory Judgment as to ownership of the certificates of deposit, or any other item of property." The court further ruled that Mrs. Adamson's "claim for reimbursement is the subject of litigation now pending in the Henry County Probate Court, and thus subject to a prior pending action defect." The court concluded that "[a]s a result of the foregoing, [Mrs. Adamson's] action in this Court is hereby dismissed. Any declaratory judgment action must be brought in a court of competent jurisdiction. [Mrs. Adamson's] claim on the alleged debt can be pursued in the court in which it was originally brought."

1. In three enumerations of error, Mrs. Adamson contends that the trial court erred in dismissing her complaint. At the outset we note that her complaint raised a cognizable claim. See *King v. Dalton*, 85 Ga. App. 641 (69 SE2d 907) (1952). Furthermore, despite the executor's attempt to characterize Mrs. Adamson's claim as an equitable claim for money had and received that should have been brought in superior court, such a claim is an action at law. *Orient Ins. Co. v. Dunlap*, 193 Ga. 241, 246 (17 SE2d 703) (1941). Accordingly, Mrs.

Adamson was not required to file her complaint in superior court.

Furthermore, while the record shows that Mrs. Adamson filed a notice of her claim with the probate court, such action did not preclude her from subsequently filing suit to recover the same unsatisfied debt. OCGA § 53-7-92 allows an executor six months from the date of his qualification to ascertain the condition of the estate. During that time, the executor is required to notify "creditors of the estate to render an account of their demand[s against the estate]." Id. Creditors are then required to file notices of their claims. Id. During this six-month period, creditors are prohibited from filing any actions against the executor for debts due by the estate. OCGA § 53-7-102. The purpose of this temporary bar is to protect the executor from suits against the estate while he settles the affairs of the estate. *Nat. City Bank of Rome v. Welch*, 53 Ga. App. 528 (3) (186 SE 596) (1936). It is clear, however, that our Code contemplates that actions for unsatisfied claims can be filed at the expiration of this six-month period. See OCGA § 53-7-102. Accordingly, because Mrs. Adamson filed her complaint more than six months after the date that the court qualified the executor, the trial court erred in dismissing the complaint due to a prior pending action.

2. Finally, in two enumerations of error, Mrs. Adamson contends that the trial court erred in failing to grant her motion for summary judgment on her claim for money had and received and in failing to dismiss the executor's counterclaim as a compulsory counterclaim that should have been filed in a prior action. However, because it is clear that the trial court did not consider or rule upon the merits of Mrs. Adamson's motions, we will not consider them here. "[T]he scope of [our] review is limited to the scope of the ruling in the trial court as shown by the trial record. . . ." *Redwing Carriers v. Knight*, 143 Ga. App. 668, 674 (9a) (239 SE2d 686) (1977).

Furthermore, it is unclear from the record why the trial court characterized Mrs. Adamson's motion for summary judgment on the executor's counterclaim as a claim for declaratory relief. The record shows that Mrs. Adamson never filed such a claim. We therefore find that the court erred in failing to rule on the merits of Mrs. Adamson's motion for summary judgment on that basis.

*Judgment reversed. Pope, P. J., concurs. Beasley, C. J., concurs in the judgment only.*

DECIDED MARCH 15, 1996.

*John L. Watson, Jr., for appellant.*
*Blount, Cash, Amos & Godwin, W. Mark Amos, Hancock &*

*Echols, Ted N. Echols*, for appellee.