# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

_____

[1]The Honorable Rodney W. Sippel,

companion case <u>Consolidated Rail Corp. v. Carlisle</u>. The District Court[2] granted the motion. We affirm.

An employee of Union Pacific since 1972, Crown worked as a corridor manager in the Harriman Dispatch Center (HDC) from June 1989 to August 1994. Crown's suit for negligent infliction of emotional distress alleges that Union Pacific created an unsafe work environment at the HDC in violation of FELA, 45 U.S.C. §§ 51-60 (1994), by failing to employ adequate manpower, requiring employees to work excessive hours, failing to install adequate lighting, and ignoring complaints and studies criticizing the working conditions in the HDC. As a result of the allegedly stressful working conditions in the HDC, Crown claims to have suffered extreme weight gain; carpal tunnel syndrome; knee joint problems; cough syncope syndrome; sleep apnea; diabetes; nicotine, alcohol, and eating addictions; and a nervous breakdown requiring hospitalization. He also alleges emotional injuries such as helplessness, hopelessness, anger, and fatigue.

We review a grant of summary judgment de novo, applying the same standard as the district court. <u>See</u> <u>Hindman v. Transkrit Corp.</u>, 145 F.3d 986, 990 (8th Cir. 1998). We will affirm a grant of summary judgment when the record, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Hindman</u>, 145 F.3d at 990.

Union Pacific met its initial burden of showing the absence of a genuine issue of material fact by noting that the Supreme Court in <u>Carlisle</u> had denied recovery for a FELA claim of negligent infliction of emotional distress arising from a stressful work environment because it was outside the zone of danger. The burden then shifted to

---

[2]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Crown to set forth specific facts showing that a genuine issue of material fact existed regarding whether he was within the zone of danger. See Fed. R. Civ. P. 56(e).[3]

The zone of danger test, as adopted by the Supreme Court in Gottshall and Carlisle, is used to decide whether a plaintiff can recover under FELA for negligent infliction of emotional distress. See Metro-North Commuter R.R. Co. v. Buckley, 117 S. Ct. 2113, 2117 (1997). The Supreme Court has clearly defined the zone of danger test to limit "recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct." Gottshall, 512 U.S. at 547-48; see also Metro-North, 117 S. Ct. at 2117.[4] The District Court found, and we agree, that Crown had conceded that he did not sustain a physical impact that induced his emotional distress. See Crown v. Union Pac. R.R. Co., No. 8:96CV392, slip op. at 4 (D. Neb. Dec. 23, 1997) (order granting summary judgment). Thus Crown must prove that he was placed in immediate risk of physical harm as a result of Union Pacific's negligence and that this immediate risk of physical harm caused him to suffer emotional injuries.

Carlisle is on all fours with the present case. Carlisle was a train dispatcher whose job was made difficult by aging railstock, outdated equipment, and work force reductions (resulting in additional duties and long hours). He and other dispatchers complained about safety concerns, work-related stress, and poor working conditions.

---

[3]Crown argues that Union Pacific's motion has not shown any undisputed material issues upon which summary judgment could be granted. However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[4]The Supreme Court also phrased the latter part of this test as "threaten[] imminently with physical impact." See Gottshall, 512 U.S. at 556. Because both statements refer to "near miss" situations, references to "immediate risk of physical harm" are intended to include "threaten imminently with physical impact."

After a promotion to trainmaster, Carlisle experienced insomnia, headaches, depression, weight loss, and ultimately a nervous breakdown. Carlisle sued the railroad for negligent infliction of emotional distress alleging that it breached its duty to provide a safe work place by forcing him to work under unreasonably stressful conditions. The Supreme Court stated that a FELA claim for negligent infliction of emotional distress arising from work-related stress should not be upheld because it would "impose a duty to avoid creating a stressful work environment, and thereby dramatically expand employers' FELA liability to cover the stresses and strains of everyday employment." Gottshall, 512 U.S. at 554. The Supreme Court remanded with instructions to enter judgment for the railroad because "Carlisle's work-stress-related claim plainly does not fall within the common law's conception of the zone of danger." Id. at 558.

Like Carlisle, Crown has not shown he was threatened with an immediate risk of physical harm that would place him within the zone of danger. Crown repeatedly complained of stress-related emotional and physical injuries, but he did not show that the negligent acts of Union Pacific caused him to suffer a physical impact or an immediate risk of physical harm. Instead, Crown argues that he has met his burden of proof by showing he suffered physical injuries as a result of the stress. But FELA is "aimed at ensuring the security of the person from physical invasions or menaces," and the zone of danger test "is consistent with FELA's central focus on physical perils." Gottshall, 512 U.S. at 555-56 (internal quotation omitted). Thus, a physical impact or an immediate risk of physical impact is required, rather than merely a "physical injury" as Crown suggests.[5]

---

[5]Crown incorrectly suggests that Metro-North allows FELA recovery when emotional injuries produce physical symptoms, regardless of the zone of danger test. In Metro-North there was a physical impact, inhalation of asbestos fibers, but the Court found the impact was insufficient because the plaintiff lacked manifest symptoms of a disease. See Metro-North, 117 S. Ct. at 2118. Unlike the plaintiff in Metro-North, Crown cannot show any physical impact or threat of physical impact.

Although FELA is to be liberally construed, it does not make Union Pacific the insurer of Crown's safety. See Gottshall, 512 U.S. at 543. Union Pacific can be liable only for its negligence, not for the fact that injuries occurred. See id. Despite his evidence of emotional and physical injuries, Crown has not shown that the railroad's negligence caused him to suffer a physical impact or a risk of immediate physical harm as required by Gottshall and Carlisle. Therefore, Crown has failed to show that he was within the zone of danger, which is an element essential to his recovery.

The order of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.