S98G0498. COWETA COUNTY et al. v. SIMMONS.

(507 SE2d 440)

BENHAM, Chief Justice.

While incarcerated in Coweta County Correctional Institute, Simmons was injured while operating a machine on a prison work detail. His suit against various county employees and the county resulted in summary judgment for the defense based on sovereign and official immunity. The Court of Appeals affirmed in part, finding that the trial court correctly determined the warden and deputy warden to be shielded by official immunity, and reversed in part, holding that the trial court had erred in granting summary judgment to the county and to the work detail supervisor, Officer Holcomb. The Court of Appeals went on to rule that Holcomb was liable. *Simmons v. Coweta County*, 229 Ga. App. 550 (494 SE2d 362) (1997). This Court granted certiorari to examine the correctness of the holding that Holcomb was liable.

The record of this case shows that only the defendants moved for summary judgment, and that their motion was based only on the issue of immunity; that the trial court considered only the issue of immunity and did not consider the issue of whether Holcomb was negligent; and that none of the enumerations of error raised by Simmons in the Court of Appeals addressed the issue of whether Simmons was entitled to a judgment that Holcomb was liable. Under those circumstances, the holding of the Court of Appeals that Holcomb is liable was error for several reasons.

First, there was no motion for summary judgment by Simmons in the trial court, so the issue of Holcomb's alleged negligence was not decided at the trial level. Since review by the Court of Appeals is limited to the scope of the ruling in the trial court as shown by the trial record (*Adamson v. Adamson*, 220 Ga. App. 716 (2) (470 SE2d 289) (1996)), the holding that Holcomb was liable was beyond the scope of the Court of Appeals' review.

Second, although a trial court can grant summary judgment to a non-moving party when the issues are the same, thus providing sufficient notice to opposing parties (*Cruce v. Randall*, 245 Ga. 669, 671 (266 SE2d 486) (1980)), there is no authority for appellate courts to do so. Furthermore, due process requires that a party be given reasonable opportunity to contest a claim that there are no genuine issues of material fact. *Coatings v. Stein Steel &c. Co.*, 247 Ga. 631 (278 SE2d 377) (1981). There having been no notice to Holcomb that the Court of Appeals might consider the merits of the issue of his alleged negligence, a holding that he was liable, tantamount to an award of summary judgment against him, would deny him due process.

Finally, the issue of whether Holcomb was liable (as opposed to

the issue of whether he was entitled to official immunity) was not within the scope of any enumeration of error filed by Simmons in the appeal to the Court of Appeals. Since that court has jurisdiction to decide only those issues fairly raised by an enumeration of error (*Bill Parker & Assoc. v. Rahr*, 216 Ga. App. 838 (2) (456 SE2d 221) (1995)), it was without jurisdiction to hold that Holcomb was liable for Simmons's injuries.

From the above, it follows that the judgment of the Court of Appeals must be reversed insofar as it held Holcomb liable.

*Judgment reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*Hawkins & Parnell, Debra L. Dewar, Kimberly A. Houston,* for appellants.

*Goetz, Tibbs & Zahler, Charles M. Goetz, Jr., Scott M. Zahler,* for appellee.