**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

SAMUEL A. SMITH,

      Plaintiff-Appellee and
      Cross-Appellant,

v.

UNION PACIFIC RAILROAD
COMPANY,

      Defendant-Appellant and
      Cross-Appellee.

Nos. 99-7062 & 99-7066

---

Appeal from the United States District Court
for the Eastern District of Oklahoma
(D.C. No. 98-CV-397-S)

---

Tom L. Armstrong (Carey C. Calvert, Ryan Robertson and George Mullican with him on the briefs) of Tom L. Armstrong & Associates, Tulsa, Oklahoma, for Defendant-Appellant and Cross-Appellee.

Timothy O. O'Sullivan of St. Louis, Missouri (Robert H. Mitchell and Jon Michael Belanger of Robert H. Mitchell & Associates, with him on the brief), for Plaintiff-Appellee and Cross-Appellant.

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

**SEYMOUR**, Chief Judge.

This action was brought by Samuel Smith under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, against his employer, Union Pacific Railroad Company, for injuries he allegedly suffered in connection with his work. In *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532 (1994), the Supreme Court held that an employee may recover damages under FELA for mental or emotional injuries only where the employee can show he was within a zone of danger of physical impact. We are required here to determine whether a railroad employee's sleep disorder and accompanying physical and emotional maladies caused by his rotating work schedule with Union Pacific are compensable under FELA. After reviewing the Supreme Court's guidance provided in *Consolidated Rail*, we conclude that Mr. Smith's claims do not meet the required "zone of danger" test. Consequently, we reverse the jury verdict in his favor.

**I**

Samuel Smith was employed by Union Pacific for many years, primarily working the day shift. Due to a reorganization in April 1994, Mr. Smith was promoted into a corridor manager position. In this capacity, his schedule required him to work three twelve-hour day shifts, have three days off, and then work three twelve-hour night shifts. His schedule continued in this rotating manner until August 1995, when he was promoted to Manager of Data Integrity.

This new position brought with it yet another work schedule, this one consisting of a twelve-hour day shift for three days, and then three days off. Shortly after beginning in this position, Mr. Smith started to experience sleep problems and became severely depressed, even contemplating suicide. In November 1995, Mr. Smith took an extended leave of absence. After a short and unsuccessful attempt to return in April 1997, he ended his employment with Union Pacific.

A year later, Mr. Smith filed this suit against Union Pacific, alleging he was injured in the course and scope of his employment. Mr. Smith's complaint did not label the specific cause of action being stated, but alleged that Union Pacific was negligent in creating the rotating shift schedule required of him in the corridor manager position. His complaint further alleged that this negligence ultimately resulted in a sleep disorder which, in turn, caused "physical and emotional injuries, anxiety attacks, depression, insomnia, as well as a lessening of his ability to work and function, including an exacerbation of his spinal injury." App. at 11. Mr. Smith alleged his damages included lost wages, medical expenses and hospital care, and past and future pain and suffering.

Union Pacific moved for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, arguing that Mr. Smith's complaint amounted to a claim of negligent infliction of emotional distress. Citing *Consolidated Rail*, 512 U.S.

532, which held that employees who bring negligent infliction of emotional distress claims under FELA must show they were within a "zone of danger of physical impact" to recover, Union Pacific asserted Mr. Smith's claim was not actionable. Mr. Smith argued in opposition that his claim was a pure negligence claim for a physical injury, claiming that due to Union Pacific's rotating shift schedule, "his normal circadian sleep rhythms [were] destroyed, and as a result of sleep deprivation, [he] suffered serious depression, in addition to other physical problems." App. at 50.

In denying Union Pacific's motion, the district court first rejected Mr. Smith's contention that *Consolidated Rail* was inapplicable because he did not label his claim as one of negligent infliction of emotional distress. The district court noted the Supreme Court's concern with the nature of the injury rather than the label of the claim, and concluded that Mr. Smith described in substance emotional and mental harm to which *Consolidated Rail* applied. Nevertheless, the district court ruled as a matter of law that Mr. Smith's allegations were actionable under *Consolidated Rail* because they met the zone of danger test by focusing on the dangers inherent in requiring a work schedule that rotated between day and night shifts. Accordingly, the court denied Union Pacific's Rule 56 motion and allowed the claim to proceed to trial.

At the close of Mr. Smith's case, Union Pacific moved for judgment as a

matter of law under Rule 50(a) of the Federal Rules of Civil Procedure, again arguing that Mr. Smith's injuries were purely emotional and that his claim did not meet the requirements of the zone of danger test. The district court denied this motion for the same reasons it denied the earlier Rule 56 motion. It similarly denied Union Pacific's renewed motion for judgment as a matter of law made at the close of all the evidence.

The jury returned a verdict in favor of Mr. Smith, awarding him $500,000 in damages. This award was reduced by fifty percent based on the jury's finding that Mr. Smith was also negligent for failing to complain to Union Pacific. Union Pacific moved for judgment notwithstanding the verdict and a new trial, asserting the same argument presented in its motions for summary judgment and judgment as a matter of law. These motions were denied, and Union Pacific appeals.

Whether an employee's claim satisfies the zone of danger test is a legal question, *see Consolidated Rail*, 512 U.S. at 546, 554, which we review de novo, *see Wilson v. Union Pacific R.R. Co.*, 56 F.3d 1226, 1229 (10th Cir. 1995) (summary judgment), *Medlock v. Ortho Biotech, Inc.*, 164 F.3rd 545, 549 (10th Cir. 1999) (judgment as a matter of law).

## II

Section 1 of FELA provides for the railroad's liability to its employees for

"injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. The focus of FELA is the negligence of the employer, not the mere fact that injuries occur. *See Consolidated Rail*, 512 U.S. at 543 (quoting *Ellis v. Union Pacific R.R. Co.*, 329 U.S. 649, 653 (1947)).

### A. *Physical Versus Emotional and Mental Injuries*

In *Consolidated Rail*, the two plaintiffs brought suit under FELA against their employer, Consolidated Rail Corporation (Conrail), seeking damages for Conrail's negligent infliction of emotional distress. *See Consolidated Rail*, 512 U.S. at 537, 539. During their employment with Conrail, the plaintiffs suffered emotional distress and resulting physical injuries. Although Mr. Smith contends *Consolidated Rail* is not applicable here because he is not asserting a claim for a negligent infliction of emotional distress, we are not persuaded.

We agree with the district court that the substance of Mr. Smith's injury is the focus of our inquiry in determining whether the zone of danger test applies. A close reading of *Consolidated Rail* reveals that the Court focused on whether emotional injuries were generally compensable under FELA, rather than upon the specific cause of action. *See Consolidated Rail*, 512 U.S. at 541 (issue requires determination of proper scope of recovery under FELA for purely emotional

injuries); *id.* at 544 (negligent infliction of emotional distress claim contemplates mental and emotional injury that is "not directly brought about by a physical injury"); *id.* at 545 (policy considerations on limiting recovery are based on fundamental differences between emotional and physical injuries); *id.* at 546 (courts place "substantial limitations on the class of plaintiffs that may recover for emotional injuries and on the injuries that may be compensable").

The practical reality is that it may be difficult to draw a distinction between a physical and emotional injury given that emotional injuries are often accompanied by physical changes. Creative lawyering can disguise what is in substance an emotional injury by pointing to the tangible bodily changes that accompany it. *See, e.g.*, *Szymanski v. Columbia Transp. Co.*, 154 F.3d 591, 594 (6th Cir. 1998) (where plaintiff was assigned work with incompetent assistant on strenuous, fast-paced job and subsequently suffered heart attack, he argued his injury was physical and the cause pure negligence, but court held he described emotional injury to which zone of danger test applied); *Holliday*, 914 F.2d at 424 (noting that litigation has expanded limits of FELA); *Capriotti v. Consolidated Rail Corp.*, 878 F. Supp. 429, 432-33 (N.D.N.Y. 1995) (court explicitly rejected plaintiff's attempt to avoid zone of danger test by claiming his long hours and erratic work schedule exacerbated physical heart condition). For these reasons, we look to the substance of Mr. Smith's injury and the nature of Union Pacific's

conduct to determine whether Mr. Smith must satisfy the *Consolidated Rail* test.

Mr. Smith cites *Bailey v. Norfolk & Western Ry. Co.*, 942 S.W.2d 404 (Mo. Ct. App. 1997), to support his argument that a sleep disorder is a physical injury to which the zone of danger test does not apply. In that case, Mr. Bailey challenged the railroad's failure to provide adequate sleeping quarters where, as an on-call worker, he was subject to being called in "24 hours a day, 7 days a week, 365 days out of the year," for over twenty-eight years. *Id.* at 406-07. The inadequate sleeping quarters had no window coverings, no noise barriers from the nearby train yard, and a lack of adequate climate control. The court concluded that Mr. Bailey's "physiological" sleep cycle was disrupted, resulting in gastrointestinal and cardiovascular problems that were "purely physical," not emotional. *Id.* at 410.

*Bailey* is inapposite to our inquiry here. In this case, Mr. Smith's sleep disorder cannot be categorized as purely physical or purely emotional. Nevertheless, because the substance of his claim is that his sleep disorder caused depression, and it was this depression that ultimately caused his other physical maladies, we are convinced his injuries comport with a claim for "emotional distress," and *Consolidated Rail*'s limitations are applicable.

## B. *Zone of Danger Test*

In *Consolidated Rail*, the Supreme Court pointed out that the existence of negligence under FELA is a federal question which generally turns on principles of common law. *See* 512 U.S. at 543. After surveying the common law regarding injuries which constituted "mental or emotional harm (such as fright or anxiety) that [are] caused by the negligence of another and that [are] not directly brought about by a physical injury," *id.* at 544, the Court determined that substantial limitations must be placed "on the class of plaintiffs that may recover for emotional injuries and on the injuries that may be compensable," *id.* at 546. The Court adopted the "zone of danger" test for actions brought pursuant to FELA, describing the test as follows:

> Under this test, a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself, whereas a worker outside the zone will not. Railroad employees thus will be able to recover for injuries – physical and emotional – caused by the negligent conduct of their employers that threatens them imminently with physical impact.

*Id.* at 556.

The Court noted that this limiting test is consistent with FELA's central focus on the physical perils of railroad work. *See id.* at 555-56. Because the statute by its language allows recovery for both physical and emotional injuries, the Court concluded that the zone of danger test would best preserve the emphasis on physical harm while taking into account the statute's intended purpose of

-9-

providing compensation for any injury that might result. *See id.*

Under the zone of danger test, Mr. Smith's claim for his emotional injuries can survive only if he can show he was within the zone of danger of some physical impact. *See id.* at 556. He claims his injuries are due to his "dangerous" work schedule. Such work conditions cannot be characterized as a "physical impact," however. The Court's treatment of the plaintiffs' claims in *Consolidated Rail* confirms that Mr. Smith's sleep disorder does not satisfy the zone of danger test.

One of the *Consolidated Rail* plaintiffs, Alan Carlisle, had experiences similar in many respects to those of Mr. Smith. Mr. Carlisle worked for Conrail for many years, and after a reduction in work force he was required to take on additional duties and to work long, erratic hours for weeks at a time. As a result, he eventually suffered a nervous breakdown and had to be hospitalized. *See id.* at 539. The Court characterized Mr. Carlisle's injury as a complaint that the railroad gave him too much work, which "plainly [did] not fall within the common law's conception of the zone of danger." *Id.* at 558. For this reason, the Court held that it would "not take the radical step of reading FELA as compensating for stress arising in the ordinary course of employment," *id.*, and remanded with instructions to enter judgment for Conrail.

In contrast, the other *Consolidated Rail* plaintiff, James Gottshall, suffered

-10-

in response to a particular incident rather than from a stressful work environment. The Court determined that Mr. Gottshall's complaint posed a more complex question than Mr. Carlisle's. While working for Conrail, Mr. Gottshall was assigned to replace a stretch of track during extremely hot and humid conditions. On the first day, one of the workers, a good friend of Mr. Gottshall, collapsed and died on the tracks from a heart attack which the coroner reported was brought on by heat, humidity, and heavy exertion. Mr. Gottshall was required to continue working on replacing the track for the next few days under the same hot and humid conditions. He began to fear that he would die as his friend did, and he was ultimately diagnosed with major depression and post-traumatic stress disorder. *See id.* at 535-37.

Noting Mr. Gottshall's assertion that he was within the zone of danger of a physical impact, the Court remanded the claim to the Third Circuit, stating it was not adequately briefed on the issue. *See id.* at 558. On remand, the Third Circuit affirmed the grant of summary judgment in favor of the railroad, *see Gottshall v. Consol. Rail Corp.*, 56 F.3d 530 (3rd Cir. 1995), holding that Mr. Gottshall did not claim any physical impact whatsoever and thus could not satisfy the "zone of danger" requirement. *See id.* at 535. The court held that Mr. Gottshall's oppressive working conditions did not constitute the requisite "physical impact" required by the test. The court also pointed out that the railroad employee who

died as a result of the conditions was overweight and suffered high blood pressure whereas Mr. Gottshall was physically qualified to perform his assigned duties. *See id.* The court further noted that the given work conditions were "within the bounds of conditions under which Conrail crews were expected to work." *Id.* For these reasons, the court concluded the working conditions were not extreme or dangerous enough to place Mr. Gottshall in immediate risk of physical harm, thereby failing the zone of danger test.

Comparing Mr. Smith's claims to those at issue in *Consolidated Rail*, it appears he is claiming his shifts were arranged in a negligent manner, making his complaint arguably close to Mr. Carlisle's. That being the case, Mr. Smith would not have a claim under FELA because, as the Supreme Court held, stressful work or too much work, including erratic work schedules, is not within the zone of danger concept. *See Consolidated Rail*, 512 U.S. at 558; *see also Crown v. Union Pacific R.R.*, 162 F.3d 984, 986 (8th Cir. 1998) (negligently induced work-related stress and poor working conditions held not within zone of danger notwithstanding they caused physical injuries). Even if Mr. Smith's work conditions were too dangerous rather than too stressful, as in Mr. Gottshall's case, any danger was not of the type contemplated by the zone of danger test. As the Third Circuit concluded on remand, Mr. Gottshall's working conditions did not

involve a physical impact or fear thereof.    *See Gottshall* , 56 F.3d at 535. [1]

Mr. Smith does not contend that any object or any employee at Union Pacific had a physical impact on him.   Nor does he assert that he feared physical impact with an object because his erratic work schedule caused him to be drowsy during work hours.  Indeed, Mr. Smith does not describe any accident at all.  He argues instead that the work schedule itself was the physical impact causing his injuries.  Simply stated, a work schedule is not the physical peril against which FELA protects.   Given FELA's central focus on physical dangers, we hold that Mr. Smith's rotating shift schedule is not actionable under FELA because the shift schedule did not place Mr. Smith within the zone of danger of a physical impact.

## III

In sum, we hold that Mr. Smith's disrupted sleep cycle, and resulting depression and other physical maladies, constituted an emotional injury to which

---

[1]While it may be that sleep deprivation should not be considered an injury arising out of normal working conditions and should instead constitute a cognizable physical impact with debilitating physical and emotional consequences under FELA, if there is to be a remedy for negligent infliction of emotional distress arising from sleep deprivation under the circumstances of this case, that remedy must be furnished by Congress given the Supreme Court's decision in *Gottshall*.

*Consolidated Rail*'s zone of danger test applies. Because Mr. Smith's emotional injuries were not caused by a physical impact or fear thereof, his claim is not actionable under FELA. [2]

We **REVERSE** the district court's denial of Union Pacific's motions for summary judgment and judgment as a matter of law, and **REMAND** with instructions to enter judgment in favor of Union Pacific.

---

[2]Given our disposition of the case, we need not reach the other issues raised by the appeal and cross-appeal.