A11A0951. NORFOLK SOUTHERN RAILWAY COMPANY
v. EVERETT.
(721 SE2d 591)

ELLINGTON, Judge.

In this suit under the Federal Employers' Liability Act ("FELA"), 45 USC § 51 et seq., Norfolk Southern Railway Company ("Norfolk Southern") appeals from the final judgment and jury verdict in favor of Michael Everett on his negligence suit for emotional damages arising out of a train derailment and collision into a commercial building. Norfolk Southern contends that the trial court erred in granting Everett's motion in limine concerning the "zone of danger" test, in denying Norfolk Southern's motion for a directed verdict, and in refusing to give certain jury charges. Because the trial court's ruling on the motion in limine erroneously removed from the jury's consideration an essential element of the plaintiff's case, the judgment must be vacated and this case remanded for a new trial.

1. Norfolk Southern contends that the trial court erred in granting Everett's pretrial motion in limine on the issue of whether Everett was within the zone of danger. "When a question of law is at

_____

issue, as here, we owe no deference to the trial court's ruling and apply the 'plain legal error' standard of review." (Citation omitted.) *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000). The undisputed facts relevant to the resolution of this question of law are as follows.

This is the second appearance of this case before us. In *Norfolk Southern R. Co. v. Everett*, 299 Ga. App. 420 (682 SE2d 621) (2009) (*"Norfolk I"*), we affirmed an order of the trial court denying Norfolk Southern's motion for summary judgment on Everett's FELA claim. Specifically, we held that the trial court correctly found that Everett had presented sufficient evidence from which a reasonable factfinder might conclude that he was within the zone of danger, a legal prerequisite for a finding of liability in a negligent infliction of emotional distress case. As the plaintiff presented sufficient evidence demonstrating a disputed issue of material fact, we held that the trial court correctly denied Norfolk Southern's motion for summary judgment. Id. at 425-426.

The facts of this case were summarized in *Norfolk I* as follows:

[O]n March 6, 2006, Everett was employed as an engineer for Norfolk Southern and was tasked with moving a six-car train filled with auto parts down an incline into the Ford Hapeville auto plant. Assisted by two other Norfolk Southern employees standing on the outside of the leading railroad car, Everett operated the locomotive that pushed the cars toward the Ford plant. One of the employees misinformed Everett that the train derailment device was in the "off" position when in fact it was in the "on" position. Acting at the direction of his supervisor, Everett moved the train forward, and, due to the position of the derailment device, the cars began derailing about 150 feet from the plant's entrance. The derailed cars continued toward the plant, and the train's emergency brakes immediately activated. Everett, assuming that the train had derailed, quickly applied the engine brakes. Before the train came to a complete stop, it traveled approximately 300 feet from the point of derailment, causing a total of three of the train's six cars to derail, with two of those cars crashing into the Ford plant, setting off a fire alarm light and the building's fire sprinklers. Everett was "slightly pulled" in his seat during the incident but suffered no physical injury. Everett made unanswered radio calls to the two other employees and waited in the locomotive until someone came to him and announced the derailment and that no one had been hurt. When Everett went home, he experienced severe

emotional distress from the incident, resulting in his temporary hospitalization. He has not been able to return to work.

(Punctuation omitted.) Id. at 421.

In *Norfolk I*, we set forth the law applicable to the zone of danger test, id. at 421-423, which we reiterate here. Negligent infliction of emotional distress is a cognizable claim under FELA. *Consolidated Rail Corp. v. Gottshall*, 512 U. S. 532, 549-550 (III) (A) (114 SC 2396, 129 LE2d 427) (1994). In *Gottshall*, the High Court held that, "as part of its 'duty to use reasonable care in furnishing its employees with a safe place to work,' a railroad has a duty under FELA to avoid subjecting its workers to negligently inflicted emotional injury." (Citation and punctuation omitted.) Id. Because that duty "is not self-defining[,]" id., the Supreme Court adopted the zone of danger test to define the scope of the duty FELA places on employers to avoid imposing emotional distress on their employees. The zone of danger test, the Court said, was "well established" when FELA was passed in 1908, id. at 554 (III) (C), is still presently in use in many states, id. at 555 (III) (C), and is "consistent with FELA's central focus on physical perils." Id.

> Under this test, a worker within the zone of danger of physical impact will be able to recover for emotional injury caused by fear of physical injury to himself, whereas a worker outside the zone will not. Railroad employees thus will be able to recover for injuries — physical and emotional — caused by the negligent conduct of their employers that threatens them imminently with physical impact.

Id. at 556 (III) (C). Thus, under the zone of danger test adopted in *Gottshall*, the railroad employer's duty under FELA for the negligent infliction of emotional distress is limited to "those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of a physical harm by that conduct." Id. at 547-548 (II) (B). As we explained in *Norfolk I*, "[t]he zone of danger inquiry is necessarily fact-based," and requires a review of the unique risks to which a plaintiff is exposed in each case. 299 Ga. App. at 423. But, because the zone of danger test resolves a question of duty based upon an objective evaluation of the facts demonstrating the physical risk to which the employee was exposed, whether an employee was within the zone of danger may be,

in most cases, resolved by the court.[1] If the facts cannot be resolved by the court, however, then whether the plaintiff was within the zone of danger remains an issue for the jury[2] upon proper instructions.[3]

After this Court affirmed the trial court's denial of summary judgment in *Norfolk I* and remanded the instant case, Everett filed a motion in limine moving the trial court for an order preventing Norfolk Southern from arguing to the jury that he was not within the "zone of danger." Specifically, Everett moved the court for the following:

> [Norfolk Southern] must be prohibited from arguing that Plaintiff Everett was not within the "zone of danger" when the train derailed, that Everett's apprehension of physical harm as a result of the derailment was unreasonable[,] or that he was not exposed to an immediate risk of physical harm as a result of the derailment and ensuing collision. *These arguments speak to questions of law that have been decided in Plaintiff's favor by this Court and the Georgia Court of Appeals.*

The trial court granted the motion in limine, holding that "a FELA action is a creature of federal law and, under federal law, the zone of danger test is a legal question for the Court." Although the trial court noted that, in *Norfolk I,* this Court held that disputed issues of fact remained for jury resolution, it nevertheless concluded, based upon other statements in our opinion,[4] that the zone of danger

---

[1] Under federal law, "[w]hether an employee's claim satisfies the zone of danger test is a legal question, which [an appellate court] review[s] de novo." (Citations omitted.) *Smith v. Union Pacific R. Co.,* 236 F3d 1168, 1170 (I) (10th Cir. 2000); *K. A. C. v. Benson,* 527 NW2d 553, 558 (a) (Minn. 1995) ("[w]hether plaintiff is within a zone of danger is an objective inquiry"). See also *Nelson v. Metro-North Commuter R.,* 235 F3d 101, 113 (II) (D), n. 12 (2d Cir. 2000) ("unlike the question of whether there is negligence or not, the inquiry into the weightiness of the physical risk to which a plaintiff is exposed, would, even in FELA cases, be performed by courts and not *primarily* by juries") (emphasis supplied).

[2] See *Gentry v. Norfolk Southern R. Co.,* 1997 Tenn. App. LEXIS 505 (Tenn. Ct. App. July 22, 1997) (jury verdict in FELA case affirmed; trial court properly instructed jury on zone of danger). See also *City of Mobile v. Taylor,* 938 S2d 407 (Ala. Civ. App. 2005) (In non-FELA negligent infliction of emotional distress case, the trial court erred in refusing to give a jury charge on the zone of danger. The appellate court observed: "The trial judge refused to give the requested instruction because he concluded that whether the plaintiffs were actually in a zone of danger was a question of law for the judge. That is not a correct conclusion, at least where, as here, the facts are in dispute. It appears that the trial court was led astray by an analogy to those cases that hold that duty is a question of law for the court.") (citations omitted).

[3] See Pattern Jury Instructions, 11th Cir. 2005, Federal Claims Instructions § 7.1, p. 371 (zone of danger test).

[4] In concluding that Everett was within the zone of danger, the trial court quotes this portion of our opinion: "[B]ecause Everett was actually on the train as half of its cars derailed and two cars collided into a building, *the 300-foot distance did not remove him from the zone of*

issue "does not appear to be subject to jury determination" and that "there does not appear to be disputed issues of fact underlying this question in any event." Without entering a summary judgment on the issue in Everett's favor, which would have been directly appealable pursuant to OCGA § 9-11-56 (h), the trial court granted Everett's motion in limine, barring Norfolk Southern from presenting evidence on or making argument concerning whether Everett was within the zone of danger. The court's order was erroneous for the following reasons.

The record reveals that only Norfolk Southern moved for summary judgment. The question the railroad presented to the trial court was whether Everett's claim for negligent infliction of emotional distress was cognizable as a FELA claim under the facts of this case. This inquiry required an analysis of whether the objective evidence, viewed in the light most favorable to the nonmovant, placed Everett outside the zone of danger as a matter of law. The trial court denied Norfolk Southern's motion, holding that it could not conclude that Everett "was not within the zone of danger or that the fears experienced by [him] . . . were unreasonable under the circumstances." Thus, the trial court did not rule as a matter of law that Everett was *within* the zone of danger, in essence granting summary judgment to Everett on this issue, but only that the undisputed evidence did not establish that he was *outside* of it. Although the trial court's order contained statements suggesting that the evidence adduced by Everett demonstrated that he was within the zone of danger, the trial court never expressly issued such a ruling nor did it conclude that Everett's account of facts was undisputed, and one may not infer from the *denial* of a motion for summary judgment that the facts have been resolved conversely in the opponent's favor. See *Northside Equities v. Hulsey*, 275 Ga. 364, 365 (567 SE2d 4) (2002) ("It is important to remember that this case is not at a stage of presenting evidence to a factfinder in order to resolve issues of fact. This case involves summary judgment, and the non-movant is not required to produce evidence demanding judgment for that party, but only to present evidence which raises a material issue of fact."). Finally, when a court denies summary judgment, it does not actually resolve the issues presented such that they have the conclusive effect of a judgment. Thus, a party's renewed or second motion for summary judgment on the same issue may be considered, even if no new evidence has been introduced since the denial of the first motion for summary judgment. See, e.g., *Southeastern Metal Products v. Horger*, 166 Ga. App. 205, 206 (1) (303 SE2d 536) (1983).

---

*danger in this case.*" (emphasis supplied by trial court).

Pursuant to a granted interlocutory appeal, Norfolk Southern challenged the trial court's order denying its motion for summary judgment, and we affirmed the trial court's order on that narrow legal issue. Finding that Everett presented sufficient evidence to dispute the facts presented by Norfolk Southern, we held: "[W]e cannot conclude that Everett was, as a matter of law, outside the zone of danger here." *Norfolk I*, 299 Ga. App. at 425-426. Although this Court, like the trial court, made statements which could be construed as a belief that the evidence adduced by Everett showed that he was within the zone of danger, our appellate review was necessarily limited to the scope of the ruling in the trial court. *Coweta County v. Simmons*, 269 Ga. 694 (507 SE2d 440) (1998); *Adamson v. Adamson*, 220 Ga. App. 716, 718 (2) (470 SE2d 289) (1996) ("The scope of our review is limited to the scope of the ruling in the trial court as shown by the trial record.") (citations and punctuation omitted). See also *Capital Land USA v. Mitsubishi Motors Credit &c.*, 308 Ga. App. 71, 73 (1) (706 SE2d 590) (2011). ("It is well established that this Court is limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level.") (citation and punctuation omitted). Thus, in *Norfolk I*, our review was limited to the issue actually adjudicated by the trial court and which was before us on appeal, that is, whether the undisputed facts entitled Norfolk Southern to summary judgment as a matter of law. *Coweta County v. Simmons*, 269 Ga. at 694. Any statements of opinion beyond the scope of our holding were obiter dicta,[5] and dicta does not constitute the law of the case.[6] Because Everett did not move for summary judgment in his favor in the trial court and obtain a ruling on that issue, whether the facts demanded a judgment in his favor was not before us and we were without authority to consider it. Id.

[D]ue process requires that a party be given reasonable opportunity to contest a claim that there are no genuine

---

[5] See *Zepp v. Brannen*, 283 Ga. 395, 397 (658 SE2d 567) (2008) (The language in the cases relied upon by the appellant "was obiter dicta lacking the force of an adjudication because it was a statement in an opinion concerning some rule of law or legal proposition not necessarily involved nor essential to determination of the case in hand.") (citations and punctuation omitted). See also *Rivers v. Brown*, 200 Ga. 49, 52 (36 SE2d 429) (1945) ("An adjudication on any point within the issues presented by the case cannot be considered a dictum, and this rule applies as to all pertinent questions, although only incidentally involved, which are presented and decided in the regular course of the consideration of the case, and lead up to the final conclusion, and to any statement in the opinion as to a matter on which the decision is predicated.") (citation and punctuation omitted).

[6] See *South Ga. Med. Center v. Washington*, 269 Ga. 366, 367 (1) (497 SE2d 793) (1998).

issues of material fact. There having been no notice to [Norfolk Southern] that the Court of Appeals might consider the merits of the issue [of whether Everett was within the zone of danger as a matter of law], a holding that [is] tantamount to an award of summary judgment against [it], would deny [it] due process.

(Citations omitted.) Id. Therefore, because neither the trial court in its summary judgment order nor this Court in *Norfolk I* ruled as a matter of law that the undisputed facts established that Norfolk Southern owed Everett a legal duty under the zone of danger test, that question remained for jury resolution and it was incumbent upon Everett to prove that element of his case by a preponderance of the evidence.[7]

Finally, the trial court's ruling on Everett's motion in limine was not harmless. It relieved Everett of his burden of proving by a preponderance of the evidence that Norfolk Southern owed him a legal duty of care, a duty that is defined by the zone of danger test. It prevented Norfolk Southern from effectively arguing a key element of its defense, that Norfolk Southern owed Everett no legal duty based upon its position that Everett was outside the zone of danger. Even the trial court's ruling denying Norfolk Southern's motion for a directed verdict was based upon an assumption that the zone of danger question had already been decided rather than upon a reasoned assessment of the facts adduced at trial. Finally, it improperly took from the jury the question of whether the facts supported, by a preponderance of the evidence, that Everett was within the zone of danger such that his claim for the negligent infliction of emotional distress is cognizable under FELA. The court rejected Norfolk Southern's written request to charge the jury concerning the zone of danger test, denying it the framework of legal principles necessary for a proper determination of the scope of Norfolk Southern's duty and whether damages for mental anguish could appropriately be awarded given the scope of that duty. Instead, it charged the jury that "the only issue for you to decide is what [of Everett's] damages, if any, were legally caused in whole or in part by the derailment event."

Because the trial court erred in granting Everett's motion in limine, and because that error was not harmless, the jury's verdict

---

[7] To recover under a FELA negligence claim, a plaintiff must prove by a preponderance of the evidence "traditional common law elements of negligence: duty, breach, foreseeability, and causation." (Citations and punctuation omitted.) *Bagley v. CSX Transp.*, 219 Ga. App. 544, 545 (1) (465 SE2d 706) (1995). See also Leonard B. Sand et al., 4 Modern Federal Jury Instructions (Civil; FELA) § 89.04, at 89-27 (2011) (accord).

must be vacated and this case remanded for a new trial.

2. Because we can only speculate about how the evidence and any argument upon that evidence would have been different but for the trial court's ruling on Everett's motion in limine, it is impossible for this Court to engage in any meaningful review of whether Norfolk Southern would have been entitled to a directed verdict or whether the jury charges it requested, even if legally correct, were adjusted to the evidence. Consequently, Norfolk Southern's remaining claims of error, that the trial court erred in denying its motion for a directed verdict and in refusing to give certain jury charges, are declared moot.

3. Everett's motion for frivolous appeal penalties is denied.

*Judgment vacated and case remanded for new trial. Smith, P. J., Phipps, P. J., and Andrews, J., concur. Miller, P. J., Doyle and McFadden, JJ., dissent.*

MILLER, Presiding Judge, dissenting.

While I concur fully with the dissent of Judge Doyle, I write separately to emphasize the explicit holding of *Norfolk Southern R. Co. v. Everett*, 299 Ga. App. 420 (682 SE2d 621) (2009) (*"Norfolk I"*) is the law of the case. In light of the trial court's finding, this Court in *Norfolk I*, supra, 299 Ga. App. at 420, 423, held that "the trial court correctly concluded that Everett was within the zone of danger caused by the [train] derailment" as a matter of law. Whether rightly or wrongly decided, the train has already left the station and this Court's holding in *Norfolk I* established the law of the case. See OCGA § 9-11-60 (h) ("[A]ny ruling by . . . the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in . . . the Court of Appeals . . . .") (punctuation omitted); see also *Hicks v. McGee*, 289 Ga. 573, 577-578 (2) (713 SE2d 841) (2011).[8]

I write further to emphasize that, in this case, had the evidence presented a disputed fact on the zone of danger issue, then I would agree with the majority that the issue would be one for the jury to

---

[8] I respectfully disagree with the majority's suggestion that the holding of *Norfolk I* was mere "dicta," as opposed to the law of the case. See *South Ga. Med. Center v. Washington*, 269 Ga. 366, 367 (1) (497 SE2d 793) (1998) ("An adjudication on any point within the issues presented by the case cannot be considered a dictum, and this rule applies as to all pertinent questions, although only incidentally involved, which are presented and decided in the regular course of the consideration of the case, and lead up to the final conclusion, and to any statement in the opinion as to a matter on which the decision is predicated.") (citation and punctuation omitted). The trial court's order reviewed in *Norfolk I* made a finding "that [Everett] has shown that he was in such immediate risk of physical harm and that his apprehension of physical harm was reasonable." This Court in *Norfolk I* affirmed the trial court's express finding on the zone of danger issue, and therefore its holding was not dictum. See id.

decide. The majority, however, has not cited to any evidence in the record that presented a disputed issue of fact on the matter. For this reason, the trial court properly applied the holding of *Norfolk I* at trial by excluding any arguments regarding the zone of danger issue, and instead limiting the trial to the remaining issues of breach of duty, causation, and damages.

I am authorized to state that Judge McFadden joins in this dissent.

DOYLE, Judge, dissenting.

I respectfully dissent. Under FELA, the zone of danger question is always a legal issue for resolution by the trial court, not the jury.[9] This is true irrespective of whether certain facts about a railroad injury are in dispute.[10]

Earlier in this case, the trial court properly addressed and denied Norfolk Southern's motion for summary judgment based on the record at the time of the motion, which denial was affirmed by this Court in *Norfolk I*.[11] Later, at the close of trial, Norfolk Southern moved for a directed verdict on the zone of danger issue based on the evidence adduced at trial, and the trial court appropriately and correctly denied that motion. As explained below, the trial court properly resolved the zone of danger question, and, in the absence of other error,[12] I would affirm the trial court's judgment entered on the jury's verdict.

1. Norfolk Southern argues that the trial court erred when it granted Everett's motion in limine prohibiting it from arguing to the

---

[9] See *Smith v. Union Pacific R. Co.*, 236 F3d 1168, 1170 (I) (10th Cir. 2000); *Nelson v. Metro-North Commuter R.*, 235 F3d 101, 113 (II) (D), n. 12 (2d Cir. 2000); *K. A. C. v. Benson*, 527 NW2d 553, 558 (a) (Minn. 1995); *Bloom v. Consolidated Rail Corp.*, 41 F3d 911, 913 (I) (3d Cir. 1994).

[10] In the present case, there essentially was no dispute about the actual circumstances of the derailment in which Everett was involved. Thus, procedurally, once presented with the facts (first on summary judgment and again on motion for directed verdict), it was up to the trial court to determine if Everett was within the zone of danger, i.e., whether Norfolk Southern owed Everett a duty. But if, for example, the circumstances of a railroad injury are in material dispute, such as the engineer claims to have been located on the same track (track A) as an explosion/derailment, but the railroad presents evidence that the engineer was actually located safely on track B, then this factual dispute — track A versus track B — would need to be resolved by the jury. Nevertheless, the court would decide whether or not the engineer was within the zone of danger of the derailment if he is found to have been located on track A by the jury. Procedurally, if the jury finds that the engineer was located on track B, a directed verdict in favor of the railroad is proper because the engineer was outside the zone of danger and was owed no duty by the railroad. If the jury finds the engineer was located on track A, the court having already decided that a legal duty exists in this scenario, then the jury would proceed to resolving the remaining elements of the tort claim, e.g., breach, causation, and damages. See, e.g., *State Farm Fire & Cas. Co. v. Owen*, 729 S2d 834, 840 (Ala. 1998).

[11] *Norfolk Southern R. Co. v. Everett*, 299 Ga. App. 420 (682 SE2d 621) (2009).

[12] The majority does not address the remaining enumerations.

jury that Everett was outside of the zone of danger.[13] I find no error.

FELA provides that a common carrier engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier."[14] Negligence under FELA is a question of federal law, which generally turns on common law principles of negligence and injury.[15]

"A FELA plaintiff must prove the traditional common law elements of negligence — duty, breach, damages, causation, and foreseeability."[16]

> Duty is an essential element of negligence, and the determination of any question of duty — . . . whether the law imposed upon the defendant the obligation to protect the plaintiff against the consequences which occurred — *is a question of law, and is not for the jury*. Thus, while a jury does indeed determine whether a defendant has breached a duty, the question of whether a duty exists in the first place remains with the court.[17]

As described in *Gottshall*, the zone of danger test delineates the scope of a railroad's "duty under FELA to avoid subjecting its workers to negligently inflicted emotional injury."[18] Thus, the scope

---

[13] My review of the record leads me to conclude that the motion in limine ruling was confined to deciding what *argument* Norfolk Southern could present to the jury, and it did not meaningfully limit the *evidence* presented at trial. Everett's motion in limine sought only to

> prohibit Norfolk Southern from arguing that Plaintiff Everett was not within the "zone of danger" when the train he was on derailed, that Everett's apprehension of physical harm as a result of the derailment was unreasonable[,] or that he was not exposed to an immediate risk of physical harm as a result of the derailment and ensuing collision.

The trial court's order granted Everett's motion on the ground that the zone of danger issue is not "subject to jury determination . . . and there does not appear to be [a] disputed issue of fact underlying this question in any event." While Norfolk Southern argues that this ruling limited its ability to present its defense at trial, the motion in limine did not materially limit the evidence adduced at trial, and Norfolk Southern proffers no evidence that was improperly excluded.

[14] 45 USC § 51.

[15] See *Consolidated Rail Corp. v. Gottshall*, 512 U. S. 532, 543 (114 SC 2396, 129 LE2d 427) (1994).

[16] *Stevens v. Bangor & Aroostook R. Co.*, 97 F3d 594, 598 (II) (1st Cir. 1996). Foreseeability has never been an issue in this case.

[17] (Emphasis supplied.) *Fulk v. Illinois Central R. Co.*, 22 F3d 120, 125 (II) (7th Cir. 1994). See also *Rasnick v. Krishna Hospitality, Inc.*, 289 Ga. 565, 567 (713 SE2d 835) (2011) ("The existence of a legal duty is a question of law for the court."); *Smith*, 236 F3d at 1170 (FELA case); *Nelson*, 235 F3d at 113, n. 12 (FELA case); *K. A. C.*, 527 NW2d at 558 (a) (FELA case).

[18] *Gottshall*, 512 U. S. at 550 (III) (A).

of a railroad's duty under FELA, as delineated by *Gottshall's* zone of danger test and as applied in subsequent federal cases following its precedent, remains a legal question for resolution by the court.[19]

In light of this framework, I disagree with the majority's conclusion that the trial court "improperly took from the jury the question of whether the facts supported, by a preponderance of the evidence, that Everett was within the zone of danger such that his claim for the negligent infliction of emotional distress is cognizable under FELA." The zone of danger analysis defines the legal duty owed to Everett, and determining the limits of this duty was a legal question reserved solely for the trial court. That there could be factual disputes material to resolving the zone of danger question does not change the rule that the trial court must ultimately decide the legal question of whether Everett was within the zone of danger. In the case before us, the trial court properly made the decision no less than three times, the final time at the close of the evidence at trial.

As astutely noted by the trial court, our opinion in *Norfolk I* was inartfully worded and confusing on this issue.[20] Nevertheless, this Court determined in *Norfolk I* that "because of the nature of the incident here, a three-car train derailment and two-car building collision, . . . Everett met his burden under *Gottshall*";[21] thus, we held that "[b]ecause the trial court correctly concluded that Everett was within the zone of danger caused by the derailment, we affirm."[22] The summary judgment standard of review did not impede resolution of the legal question at the summary judgment stage because there was no genuine dispute of material fact.[23] The trial

---

[19] See, e.g., *Smith*, 236 F3d at 1170 (I); *Nelson*, 235 F3d at 113 (II) (D), n. 12. *Gentry v. Norfolk Southern R. Co.*, 1997 Tenn. App. LEXIS 505 (Tenn. Ct. App. July 22, 1997), relied upon by the majority as an example of a jury resolving the zone of danger question, is inapposite. That case addressed a scenario where the injured employee suffered a fatal heart attack while investigating a train derailment as part of his employment with the railroad's police department. His claim alleged that the railroad was negligent in failing to diagnose his heart disease, in failing to warn him of his condition, and in continuing to place him in a stressful work environment. In that case, the jury instruction at issue focused on the Supreme Court's refusal to allow recovery under FELA solely for stress in the ordinary course of employment. The viability vel non of stress-related claims is not relevant to the claim presented here. Similarly inapposite is *City of Mobile v. Taylor*, 938 S2d 407 (Ala. Civ. App. 2005), which was a non-FELA case.

[20] Cutting through the bewildering legal thicket created by our emphasis of the summary judgment standard in *Norfolk I*, the trial court keenly observed in its order granting the motion in limine that the zone of danger issue was not one for the jury.

[21] *Norfolk I*, 299 Ga. App. at 424.

[22] *Id.* at 420.

[23] See, e.g., *Rasnick*, 289 Ga. at 566-567 (resolving as a matter of law the scope of an alleged tortfeasor's legal duty while adjudicating the defendant's motion for summary judgment).

court's summary judgment order we affirmed in *Norfolk I* reveals a clear ruling by the trial court adjudicating the merits of the zone of danger issue — not a ruling identifying a factual dispute precluding summary judgment:

> On the question of whether the Plaintiff was in immediate risk of physical harm, or, as the Defendant has framed the question, whether the Plaintiff has demonstrated "a reasonable apprehension of physical harm," the [trial c]ourt concludes that the Plaintiff has shown that he was in such immediate risk of physical harm and that his apprehension of physical harm was reasonable.[24]

Thus, the trial court's order resolved the issue, and resolution of potentially dispositive legal questions is routinely done by way of a defendant's motion for summary judgment.[25] *Norfolk I* affirmed that disposition, and it should be viewed no differently, despite our recitations of the summary judgment standard for addressing factual issues.

Furthermore, at trial Norfolk Southern moved for a directed verdict at the close of the evidence and again argued that the evidence — as adduced at trial — demonstrated that Everett was not within the zone of danger. To the extent that the trial evidence shed new light on the zone of danger issue, Norfolk Southern might have made a meritorious argument warranting the grant of a directed verdict. But here, the evidence before and during trial was essentially consistent, i.e., Everett was driving a six-car train, three cars derailed, and two collided with a building. There was, at trial, a variation in the witnesses' estimates of the length of each car, so there was some difference in the estimate of the distance between Everett and the building collision, but this difference was not sufficient to alter the trial court's conclusion, nor ours in this appeal. Thus, the trial court again properly considered Norfolk Southern's argument based on the trial evidence and correctly denied the motion, leaving nothing for resolution by the jury on the zone of danger issue.

Nevertheless, even if the majority is correct that "neither the trial court nor this Court determined as a matter of law that Norfolk Southern owed Everett a legal duty under the zone of danger test," that did not convert the issue into a jury question.[26] The zone of danger issue, as always, remained for the trial court. Thus, a new

---

[24] (Citation omitted.)

[25] See, e.g., *Rasnick,* 289 Ga. at 567 (1).

[26] Even Norfolk Southern in its brief characterizes the zone of danger issue as a legal

trial is not necessary, and on remand the trial court could explicitly (and again) resolve the issue and enter a judgment accordingly.

Because the zone of danger issue was a legal question for the trial court, and because the trial court appropriately addressed and resolved the question at each stage of litigation, I respectfully disagree with the majority's conclusion that Norfolk Southern was entitled to present argument to the jury that Everett was not within the zone of danger. Therefore, in my view, the trial court correctly prohibited Norfolk Southern from making such an argument.

It is, however, necessary to evaluate whether the scope of the motion in limine was in some way overly broad or improperly limited Norfolk Southern's ability to litigate the remaining issues: breach of duty, causation, and damages. The question of breach was conceded by Norfolk Southern, so the focus of the trial was appropriately limited to causation and damages. The trial court's order granting the motion in limine did not exclude any evidence. Instead, it simply prohibited Norfolk Southern from arguing that Everett was not in the zone of danger.[27] A review of the record shows that Norfolk was allowed to elicit and examine the material facts surrounding the derailment, and it was allowed to argue that Everett's actual risk of injury was too trivial to have caused him emotional harm. The trial court even gave a jury charge stating that FELA only authorizes recovery for injuries resulting "from a *reasonable apprehension* on [the plaintiff's] part that he was at risk of imminent physical harm."[28] Under these circumstances, the grant of the motion in limine was not so broad as to have harmed Norfolk Southern.

2. Norfolk Southern also contends that the trial court erred when it denied its motion for directed verdict on the zone of danger issue. Normally, the denial of a motion for a directed verdict on evidentiary grounds is reviewed on appeal under the "any evidence" standard.[29] But Norfolk Southern's argument was premised on the

---

question for the trial court. It argues: "Everett still had to establish at trial that he was in the 'zone of danger;' *the trial court* had to make that legal decision based on the evidence present at trial; and *this Court reviews such a decision as reviewing an error of law.*" (Emphasis supplied.) Thus, neither party is arguing that the zone of danger question is for the jury.

[27] Indeed, after ruling on the directed verdict motion on the zone of danger issue, the trial court explicitly stated "I still think you can argue everything you just argued. [']There shouldn't be any award. [Everett] didn't know about [the derailment or building collision]. . . . [Everett] sat there for 30 minutes. This is a cumulative thing. We don't think it caused his mental illness.['] I just don't think you can argue that he was not in the zone of danger." Consistent with this, Norfolk Southern argued to the jury that Everett lacked any apprehension of harm based on the relative safety of his position on the engine 500 feet away from the building collision.

[28] (Emphasis supplied.) To the extent that this instruction was functionally a zone of danger charge, any resulting error benefitted Norfolk Southern and was harmless.

[29] See *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6) (1987).

legal determination that Everett was in the zone of danger, so we apply the de novo standard.[30]

Norfolk Southern supported its motion by reviewing the factual circumstances as presented at trial and emphasizing any favorable discrepancies. Based on the trial evidence, Norfolk Southern again argued that Everett was outside the zone of danger. The trial evidence and renewed argument was not sufficiently different to persuade us to change our conclusion from *Norfolk I*, i.e., that Norfolk Southern had a duty of care to Everett under the circumstances of this train derailment and building collision.

In light of the trial court's appropriate rulings on the zone of danger question, I would affirm the judgment entered on the jury's verdict.

I am authorized to state that Presiding Judge Miller and Judge McFadden join in this dissent.

DECIDED DECEMBER 1, 2011 —
RECONSIDERATION DENIED DECEMBER 16, 2011 —

*Weissman, Nowack, Curry & Wilco, William C. Thompson*, for appellant.

*Michael J. Warshauer, Douglas C. Dumont, Lyle G. Warshauer*, for appellee.