S12G0729. EVERETT v. NORFOLK SOUTHERN
RAILWAY COMPANY.
(734 SE2d 388)

BENHAM, Justice.

This appeal comes to us pursuant to our granting a petition for a writ of certiorari in which we have asked if it was for a jury to decide whether a plaintiff in a case brought pursuant to the Federal Employers' Liability Act (FELA), 45 USC § 51 et seq., was within the "zone of danger" in order to recover for emotional distress injuries stemming from a work-related accident. Because we find the answer to be in the negative, we reverse and remand the case to the Court of Appeals for further proceedings.

The underlying facts show that in March 2006, appellant Michael Everett was employed as an engineer for appellee Norfolk Southern Railway Company and was tasked with using his locomotive to push a six-car train into an auto plant in Georgia. One of the employees working with appellant misinformed him that the train derailment device was in the "off" position when in fact it was in the "on" position. Acting at the direction of his supervisor, appellant moved the train forward, and, due to the position of the derailment device, three of the six cars derailed and two of the derailed cars crashed into the auto plant. Appellant's locomotive did not derail, and he suffered no physical injury from the accident; however, soon after the accident, appellant was diagnosed with post-traumatic stress disorder, and he has not been able to return to work. Appellant brought a suit against appellee to recover damages for emotional distress.

In order to be eligible to recover damages for emotional distress under the FELA, which applies to railroad workers injured on-the-job, a plaintiff must be shown to have been within the "zone of danger" when the accident occurred. *Consolidated Rail Corp. v. Gottshall*, 512

U. S. 532 (III) (C) (114 SC 2396, 129 LE2d 427) (1994). Under the zone of danger test, a plaintiff may recover for an emotional injury if he sustains a physical impact as a result of the defendant's negligent conduct or if he is placed in immediate risk of physical harm by the defendant's negligent conduct. Id. at 547-548. In *Norfolk Southern Railway Co. v. Everett*, 299 Ga. App. 420, 425-426 (682 SE2d 621) (2009) (*Norfolk I*), the Court of Appeals affirmed the trial court's denial of appellee's motion for summary judgment, holding that it could not "conclude that [appellant] was, as a matter of law, outside the zone of danger. . . ." This Court denied certiorari in regard to *Norfolk I*. Upon return to the trial court, the case was tried, and the jury returned a verdict in favor of appellant. During the course of the trial, the trial court made certain decisions: it granted appellant's motion in limine to exclude argument by appellee that appellant was not within the zone of danger; it denied appellee's motions for a directed verdict; and it declined to give certain jury instructions requested by appellee. Appellee appealed these rulings to the Court of Appeals. *Norfolk Southern Railway Co. v. Everett*, 313 Ga. App. 345 (721 SE2d 591) (2011) (*Norfolk II*).

In *Norfolk II*, the Court of Appeals concluded that "[b]ecause the trial court's ruling on the motion in limine erroneously removed from the jury's consideration an essential element of the plaintiff's case, the judgment must be vacated and [the] case remanded for a new trial." *Norfolk II*, 313 Ga. App. at 345. In coming to this conclusion, the Court of Appeals first reasoned that the zone of danger issue *may* be resolved by the trial court, but "[i]f the facts cannot be resolved by the court, . . . , then whether the plaintiff was within the zone of danger remains an issue for the jury upon proper instructions." Id. at 347-348 (footnote omitted). The Court of Appeals then determined that *Norfolk I* did not rule as a matter of law that appellant was within the zone of danger, namely because it was not appellant who filed the motion for summary judgment (id. at 350) and because it found that the trial court never made an express ruling that appellant's account of the facts was undisputed. Id. at 349. The Court of Appeals opined that

> because neither the trial court in its summary judgment order nor this Court in *Norfolk I* ruled as a matter of law that the undisputed facts established that [appellee] owed [appellant] a legal duty under the zone of danger test, [the] question remained for jury resolution and it was incumbent upon [appellant] to prove that [he was within the zone of danger] by a preponderance of the evidence.

Id. at 351. Finally, the Court of Appeals held that the trial court's grant of the motion in limine was not harmless. Id. Appellant filed a petition for writ of certiorari which we granted posing the following question to the parties: "Whether the Court of Appeals erred in holding that the question of whether plaintiff was in the 'zone of danger' was one for the jury?" For reasons set forth below, we reverse and remand the case to the Court of Appeals for further proceedings.

1. (a) As both parties concede in their briefs and their arguments to the Court, whether the claimant is within the zone of danger such that an employer has a duty to protect the employee is a legal question to be determined by the trial court and not by the jury. *Smith v. Union Pacific R. Co.*, 236 F3d 1168, 1170 (10th Cir. 2000) (whether a railroad worker is in the zone of danger is a legal question); *Nelson v. Metro-North Commuter R.*, 235 F3d 101, 113 (II) (D), n. 12 (2nd Cir. 2000) (legal questions are for court to decide, not juries); *Fulk v. Illinois Central R. Co.*, 22 F3d 120, 125 (7th Cir. 1994) (in a FELA case, whether the defendant has a duty to protect the plaintiff is a question of law and is not for the jury to decide); *Rasnick v. Krishna Hospitality, Inc.*, 289 Ga. 565, 567 (713 SE2d 835) (2011) ("The existence of a legal duty is a question of law for the court.").[1] The role of deciding whether the worker was within the zone of danger does not shift from the court to the jury. The jury is involved in the court's zone of danger determination only if an underlying factual dispute exists. *Allen v. Soo Line R. Co.*, 2001 WL 1222183 (17) (S.D. Ind. April 4, 2001); *Norfolk II*, 313 Ga. App. at 353, n. 10 (Doyle, J., dissenting). In this case, the parties agree that the facts at the time of summary judgment and the facts at trial were undisputed and that there was no underlying factual conflict for the jury to resolve in relation to the trial court's legal decision that appellant was within the zone of danger. Since the jury does not determine whether a claimant is within the zone of danger, the trial court did not err when it granted the motion in limine prohibiting appellee from arguing to the jury that appellant was outside the zone of danger.

(b) The *Norfolk II* opinion misconstrues the effect of *Norfolk I*. In its summary judgment order, the trial court concluded that appellant had "shown that he was in such immediate risk of physical harm and that his apprehension of physical harm was reasonable" and that it

---

[1] The cases relied upon by the Court of Appeals for the proposition that in a FELA case the issue of whether an employee is in the zone of danger is for the jury to decide do not in fact support such a proposition. See *Gentry v. Norfolk Southern Railway Co.*, 1997 WL 406377 (Tenn. App. July 22, 1997) (issue in the case was whether railroad's negligence caused the employee's fatal heart attack and not whether the employee was in the zone of danger); *City of Mobile v. Taylor*, 938 So2d 407 (Ala. Civil App. 2005) (case did not involve the FELA).

could not say appellant was "not within the zone of danger. . . ." While the phrasing of the trial court's opinion was somewhat inartful, the trial court clearly found, based on the facts set forth on summary judgment, that appellant was within the zone of danger, and the Court of Appeals construed it as such in *Norfolk I*. This decision meant that appellee had a duty to protect appellant as a matter of law. See *Fulk v. Illinois Central R. Co.*, supra, 22 F3d at 125. When the Court of Appeals affirmed the trial court's summary judgment decision in *Norfolk I* by stating "[b]ecause the trial court correctly concluded that [appellant] was within the zone of danger" (299 Ga. App. at 420) and by stating that appellant "met his burden under *Gottshall*" (id. at 424), the only matters to be resolved by the jury at trial were breach of duty, causation, and damages. See *Fulk v. Illinois Central R. Co.*, supra, 22 F3d at 125; *Capriotti v. Consolidated Rail Corp.*, 878 FSupp. 429, 431 (I) (A) (N.D. N.Y. 1995).

Accordingly, the judgment in *Norfolk II* must be reversed.

2. The parties now turn to this Court to make final determinations in this case. Appellee urges this Court to make a legal determination de novo as to whether appellant was within the zone of danger, and appellant urges us to reinstate the jury's verdict. Both of these requests are beyond the procedural posture of this case. Because of its erroneous decision that the trial court erred when it granted appellant's motion in limine, the Court of Appeals never addressed the other enumerations of error raised by appellee and so we remand the case to the Court of Appeals for further proceedings.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Michael J. Warshauer, Lyle G. Warshauer, Douglas C. Dumont*, for appellant.

*Weissman, Nowack, Curry & Wilco, Laura S. Morris, William C. Thompson, Schnader, Harrison, Segal & Lewis, Ralph G. Wellington, Nancy Winkelman*, for appellee.