**WHOLE COURT**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**July 15, 2013**

# In the Court of Appeals of Georgia

A11A0951. NORFOLK SOUTHERN RAILWAY COMPANY v.
EVERETT.

ELLINGTON, Presiding Judge.

In this suit under the Federal Employers' Liability Act ("FELA"), 45 USC §
51 et seq., Norfolk Southern Railway Company ("Norfolk Southern") appeals from
the final judgment in favor of Michael Everett on his complaint for emotional injuries
arising out of a train derailment caused by the negligence of a co-worker while
Everett was working as the train's engineer. For the reasons given in Divisions 1 and
2, infra, we affirm.

This case is before us following remand by the Supreme Court of Georgia.
*Everett v. Norfolk Southern R. Co.*, 292 Ga. 106 (734 SE2d 388) (2012) (*Norfolk III*).
The Supreme Court recounted the procedural history of this case as follows:

In its summary judgment order, the trial court concluded that [Everett] had "shown that he was in such immediate risk of physical harm and that his apprehension of physical harm was reasonable" and that it could not say [Everett] was "not within the zone of danger. …" While the phrasing of the trial court's opinion was somewhat inartful, the trial court clearly found, based on the facts set forth on summary judgment, that [Everett] was within the zone of danger, and the Court of Appeals construed it as such in [*Norfolk Southern R. Co. v. Everett,* 299 Ga. App. 420, 425-426 (682 SE2d 621) (2009) ("*Norfolk I.*")] This decision meant that [Norfolk Southern] had a duty to protect [Everett] as a matter of law. When the Court of Appeals affirmed the trial court's summary judgment decision in *Norfolk I* by stating "[b]ecause the trial court correctly concluded that [appellant] was within the zone of danger" and by stating that [Everett] "met his burden under Gottshall", the only matters to be resolved by the jury at trial were breach of duty, causation, and damages.

(Citations omitted.) *Norfolk III,* 292 Ga. at 108-109 (1) (b). Having concluded that "the parties agree that the facts at the time of summary judgment and the facts at trial were undisputed and that there was no underlying factual conflict for the jury to resolve in relation to the trial court's legal decision that [Everett] was within the zone of danger," the Supreme Court held that, "[s]ince the jury does not determine whether a claimant is within the zone of danger, the trial court did not err when it granted the motion in limine prohibiting [Norfolk Southern] from arguing to the jury that

[Everett] was outside the zone of danger." Id. at 108 (1) (a). The Supreme Court then remanded the case to this Court for further proceedings.[1] Id. at 109 (2).

1. Norfolk Southern contends that, notwithstanding the decision of the Supreme Court, this Court may still address whether the trial court erred in denying its motion for a directed verdict. Specifically, Norfolk Southern argues that this Court is authorized to conduct a de novo review to determine whether the evidence adduced at trial supported a finding that Everett was within the zone of danger, and that, if we conclude that the evidence at trial did not support the trial court's ruling, we must reverse the trial court's denial of the motion for a directed verdict.

Any further review of the facts by this Court, however, has been prohibited by the Supreme Court's opinion. The Supreme Court specifically concluded that the parties were in agreement that the facts "at the time of summary judgment *and the facts at trial* were undisputed and that there was no underlying factual conflict for the jury to resolve in relation to the trial court's legal decision that appellant was *within* the zone of danger." (Emphasis supplied.) Id. at 108 (1) (a). Thus, given the conclusion that there was no evidence at trial demanding a finding that Everett was

---

[1] Upon remand, this Court permitted the parties to submit additional briefs.

3

outside the zone of danger as a matter of law, we are constrained to find that the trial court did not err in denying Norfolk Southern's motion for a directed verdict.[2]

2. Norfolk Southern contends the trial court erred in refusing to give two of its written requests to charge.

(a) Norfolk Southern contends that the trial court erred in refusing to instruct the jury that it must find that Everett "in fact believed he was in danger of serious injury during the incident at the Ford plant" in order to find that he was within the zone of danger. However, because the Supreme Court has ruled that the "role of deciding whether the worker was within the zone of danger does not shift from the court to the jury," the trial court did not err in refusing to give the requested charge. See id. at 108 (1) (a).

(b) Norfolk Southern contends that the trial court should have instructed the jury that, "if you were to determine that any emotional or psychological injuries

---

[2] A directed verdict is authorized "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict[.]" OCGA § 9-11-50 (a). "But where any evidence or some evidence exists to support a jury issue on the non-movant's claims, a directed verdict is improper. This Court conducts a de novo review on appeal from the grant of a directed verdict, and we will uphold a directed verdict only if all of the evidence demands it." (Citation and punctuation omitted.) *Sun Nurseries v. Lake Erma*, 316 Ga. App. 832, 835 (730 SE2d 556) (2012).

sustained by [Everett] resulted from another cause, whether unrelated to his job or related to ongoing and cumulative stress from his job, then the FELA would not authorize a recovery for damages in this case." However, the court's jury charges concerning compensable emotional distress claims under FELA and proximate causation adequately covered this concept. See *Ga. Dept. of Transp. v. Miller*, 300 Ga. App. 857, 864-865 (4) (a) (686 SE2d 455) (2009). Consequently, we find no error.

*Judgment affirmed. Phipps, C. J., Andrews, P. J., Doyle, P. J., Miller, McFadden and Boggs, JJ., concur.*